UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC

                *Plaintiff*,

            -against-

SAMUEL KENNEDY *et al.*,

                *Defendants*.
----------------------------------------------------------------X

FILED
CLERK
10/4/2024 2:06 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
24-CV-00013 (JMW)

**A P P E A R A N C E S:**

    Howard A Newman, Esq.
    **Newman Law Offices**
    1717 K Street NW Suite 900
    Washington, DC 20006
    *Attorney for Plaintiff*

    Kathleen Rose Fitzpatrick, Esq.
    **KRF Legal**
    249 Smith St, #118
    Brooklyn, NY 11231

        -and-

    Peter Brown, Esq.
    **Peter Brown & Associates PLLC**
    260 Madison Avenue, Ste 16th Floor
    New York, NY 10016
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    Plaintiff Multi-State Partnership for Prevention, LLC ("Plaintiff") commenced this declaratory judgment action on March 13, 2023 against Defendants Samuel Kennedy, Kennedy

1

Technology MK, and Kennedy Technology LLC (collectively, "Defendants") for copyright non-infringement, trademark infringement, breach of contract, defamation and tortious interference in the United States District Court for the District of Maryland, arising out of Plaintiff's development of computer software program, PrepMod, developed in the early stages of the COVID-19 pandemic. (ECF Nos. 1, 22.)

On March 1, 2024, Defendants Samuel Kennedy and Kennedy Technology MK filed an Answer to the FAC, asserting counterclaims against Plaintiff for copyright infringement and breach of contract, alleging that: (i) Defendants hold the exclusive right pursuant to the Copyright Act to distribute, license and create derivative works of the PrepMod software, and that Plaintiff knowingly and willfully infringed Mr. Kennedy's exclusive right in the PrepMod software by licensing it – or a derivative of it – to five institutions without authorization from Mr. Kennedy; and (ii) Plaintiff breached its agreement with Defendants to pay Mr. Kennedy a weekly rate $7,500 to create the PrepMod software. (ECF No. 48.) Plaintiff now moves the Court pursuant to Federal Rule of Civil Procedure ("FRCP") 67(a) to deposit funds associated with Defendants' breach of contract counterclaim (ECF No. 61). For the reasons stated herein, Plaintiff's Motion (ECF No. 61) is **GRANTED**.

## DISCUSSION

Plaintiff seeks to deposit funds in its possession associated with Defendants' breach of contract counterclaim in the amount of $60,000.00 – which is the amount Plaintiff contends Defendants can reasonably alleged they are owed under their claim for breach of contract – for "safekeeping, pending the resolution of this case." (ECF Nos. 61, 61-4.) While Defendants contend that they are owed "damages of $105,000 for MSPP's breach of its contract with Mr.

2

Kennedy[,]" Plaintiff maintains that amount is at odds with the documents in this case. (*Id*. at 2.) Specifically, Plaintiff identifies only one invoice associated with the alleged contract sent by Defendants to Plaintiff – the second invoice in the amount of $60.000.00 – remains unpaid by Plaintiff, and, therefore, the total amount that Defendants can reasonably allege they are owed under its claim for breach of contract is actually $60,000.00 (hereafter, the "Funds"). (*See* ECF No. 61-3.)[1] "Consonant with its then-contemporaneous good-faith attempt to resolve the contractual dispute and place the Funds in trust, Plaintiff wishes to submit the Funds into the Court's registry subject to a final determination by this Court as to which party breached the contract." (ECF No. 61 at 2.)

Defendants argue in opposition that invoking Rule 67 here is an "extreme and unnecessary measure." (ECF No. 62.) Defendants contend they have not asked Plaintiff to place $105,000.00 – the total damages Kennedy expects to recover for Plaintiff's breach of contract – into escrow and providing the requested relief would be a waste of judicial resources. (*Id*. at 1.) Defendants further maintain that "[i]f Plaintiff insists on voluntarily depositing the amount Kennedy claims he is owed pursuant to the parties' contract, Defendants respectfully request Plaintiff deposit $105,000, in accordance with the pleadings." (*Id*.)

Pursuant to Rule 67(a):

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

---

[1] "Defendants admit that [Plaintiff] had requested at least one invoice, which was promptly paid in full around May 1, 2020. Three months after submission of the first invoice, on August 3, 2020, Defendants eventually sent a second invoice in the amount of $60,000, and on August 17, 2020, sent a third and final invoice for $15,000, which they admit the latter was promptly paid within two days." (ECF No. 61 at 2.)

3

Fed. R. Civ. P. 67(a).

"'The Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal dispute…'" *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018) (quoting *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992)). Rule 67 is appropriately invoked where, as here, the sum of money is in itself in dispute. *See* ECF No. 61 (the actual amount owed by Plaintiffs for breach of contract is disputed between the parties, as Plaintiff contends the amount is $60,00.00 and Defendants argue the amount of $105,000.00); *see also Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986); *Manufacturers Hanover Overseas Cap. Corp. v. Southwire Co.*, 589 F. Supp. 214, 221 (S.D.N.Y. 1984) ("Rule 67 provides that funds may be placed on deposit with the court until it determines how the funds should be divided among the parties to a suit. The rule may be invoked only where there is a dispute concerning the funds."); *United States v. New York State Supreme Ct., Erie Cnty.*, No. 07-CV-27S, 2008 WL 305011, at *3 (W.D.N.Y. Feb. 1, 2008) ("*Erie Cnty.*") (internal citations omitted) ("The purpose of Rule 67 is to relieve the depositor of responsibility for a fund in dispute"); *Lennon v. Allegiance Acct. Servs., LLC*, No. 19-CV-1541-LJV-LGF, 2023 WL 8291718, at *3 (W.D.N.Y. Dec. 1, 2023) (internal citations omitted) (collecting cases) ("[C]ourts have recognized that the core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto.").

And, in accordance with Rule 67, Plaintiff "may deposit with the court all or part of" the money judgment sought by Defendants for their breach of contract counterclaim. Fed. R. Civ. P. 67(a). To this end, Plaintiff may deposit its requested amount of $60,000.00, which is part of the $105,000.00 Defendants assert they are owed for Plaintiff's alleged breach. *See e.g.*, *Resolute*

*Partners, LLC v. BaseCom Const., Inc.*, No. 3:12 CV 1291 JBA, 2012 WL 6004217, at *1 (D. Conn. Nov. 30, 2012), *modified in part*, No. 3:12 CV 1291 JBA, 2013 WL 6118212 (D. Conn. Nov. 20, 2013) (granting Plaintiff's motion to deposit funds in the amount of $55,384.72, "representing the disputed July 2012 payment" to Defendant); *B.F. Goodrich Co. v. Murtha*, No. CIV. 387CV00052PCD, 2004 WL 3249236, at *3 (D. Conn. Aug. 24, 2004) (allowing a party to deposit funds where they did not "submit[] the exact amount of funds purportedly owed" by them). Accordingly, the Court finds it appropriate that Plaintiff deposit funds into the Court's registry the amount of $60.000.00.

In so ruling, the Court makes no determination or even suggestion that $60,000.00 is in fact the amount in dispute between the parties, or that $60,000.00 is the amount owed by Plaintiff to Defendants under the alleged agreement. *See e.g., Erie Cnty.*, No. 07-CV-27S, 2008 WL 305011, at *3 (granting defendant's motion to deposit funds in the amount of $111,442.91, and noting that "[i]n so ruling, the Court makes no determination as to [defendant's] claim of priority over all or part of the funds of which he retains possession."); *Radha Geismann, M.D., P.C.*, 909 F.3d at 541 (internal citations omitted) ("Indeed, on its face, Rule 67 is just a procedural mechanism that allows a party to use the court as an escrow agent. It does not itself determine who is entitled to the money."); *LTV Corp.*, 969 F.2d at 1063 (internal citations omitted) (Rule 67 "shall not abridge, enlarge or modify any substantive right. The Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties.").

**CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Deposit Funds (ECF No. 61) is **GRANTED**. Plaintiff may deposit, pursuant to any instructions by the Clerk of this Court, into its registry the amount of sixty-thousand dollars and no cents ($60,000 USD), which should, pursuant to law, earn interest on behalf of Plaintiff, to be held pending the resolution of this matter and distributed by further order of this Court.

Dated: Central Islip, New York
October 4, 2024

**S O   O R D E R E D:**
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge