**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC,

        *Plaintiff*,

        -against-

SAMUEL KENNEDY *et al.*,

        *Defendants*.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
24-CV-00013 (JMW)

**A P P E A R A N C E S:**

    Howard A Newman, Esq.
    **Newman Law Offices**
    1717 K Street NW Suite 900
    Washington, DC 20006
    *Attorney for Plaintiff*

    Kathleen Rose Fitzpatrick, Esq.
    **KRF Legal**
    249 Smith St, #118
    Brooklyn, NY 11231
        -and-
    Peter Brown, Esq.
    **Peter Brown & Associates PLLC**
    260 Madison Avenue, Ste 16th Floor
    New York, NY 10016
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    This latest application presents the question of when an "attorneys' eyes only" designation for the production of documents is warranted. Shielding a party from documents produced in a litigation may significantly impair counsel's ability to consult with their client in preparing a defense. However, in a trade secrets case like this, there are legitimate economic risks to the

1

producing party in the absence of such a designation. As such, courts must carefully balance that risk of economic harm against the requesting party's need for the information. This balance is undertaken to determine whether good cause has been shown as required by Rule 26 (c)(1) to justify a protective order.

## BACKGOUND

Plaintiff Multi-State Partnership for Prevention, LLC ("Plaintiff" or "MSPP") originally commenced this declaratory judgment action on March 13, 2023 against Defendants Samuel Kennedy, Kennedy Technology MK ("KTMK"), and Kennedy Technology LLC (collectively, "Defendants") for copyright non-infringement, trademark infringement, breach of contract, defamation and tortious interference in the United States District Court for the District of Maryland, arising out of Plaintiff's development of computer software program, PrepMod, developed in the early stages of the COVID-19 pandemic. (ECF Nos. 1, 22.) Plaintiff filed a First Amended Complaint ("FAC"), on July 27, 2023, asserting invalidity of copyright, non-infringement of copyright, breach of contract, tortious interference of contractual relations, defamation, and trademark infringement against Defendants. (ECF No. 22.)[1]

On March 1, 2024, Defendants Samuel Kennedy and KTMK filed an Answer to the FAC, asserting counterclaims against Plaintiff for copyright infringement and breach of contract, alleging that: (i) Defendants hold the exclusive right pursuant to the Copyright Act to distribute,

---

[1] On February 9, 2024, Plaintiff's FAC was dismissed by the undersigned in its entirety pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(ii) as against defendant Kennedy Technology, LLC, and the following causes of action set forth in Plaintiff's FAC were dismissed pursuant to FRCP 41(a)(1)(A)(ii) as against Defendants Samuel Kennedy and KTMK: (i) Plaintiff's cause of action for tortious interference (Count IV); (ii) Plaintiff's cause of action for defamation (Count V); and (iii) Plaintiff's cause of action for trademark infringement (Count VI). (*See* Electronic Order dated February 9, 2024.)

license and create derivative works of the PrepMod software, and that Plaintiff knowingly and willfully infringed Mr. Kennedy's exclusive right in the PrepMod software by licensing it – or a derivative of it – to five institutions without authorization from Mr. Kennedy; and (ii) Plaintiff breached its agreement with Defendants to pay Mr. Kennedy a weekly rate $7,500 to create the PrepMod software. (ECF No. 48.) The parties are currently in the midst of fact discovery. (*See* Electronic Order dated June 4, 2024.)[2]

On November 14, 2024, the parties reported that they had come to an impasse in finalizing a protective order "concerning confidential and highly confidential information, including source code i.e., trade secrets" – specifically, Plaintiff seeks to limit review and access of its trade secrets and source code to attorneys and experts, however, Defendants contend Defendant Samuel Kennedy should also have access. (ECF No. 65 at 1.)[3] The Court determined it necessary for the parties to brief the issue of Defendant Samuel Kennedy's access to Plaintiff's "highly confidential information, including source code, i.e., trade secrets[,]" in order to properly ''balance the risk of economic harm to the producing party against the requesting party's need for the information.'" (*See* Electronic Order dated November 22, 2024) (quoting *Jane St. Grp., LLC v. Millennium Mgmt. LLC*, No. 24 CIV. 2783 (PAE), 2024 WL 2833114, at *12 (S.D.N.Y. June 3, 2024) ("*Jane Street*")).

Accordingly, the latest motion before the Court is MSPP's Motion for a Protective Order, seeking to limit review and access of its trade secrets and source code to attorneys and experts only

---

[2] On December 16, 2024, the undersigned directed all paper discovery to be completed by February 28, 2025. (ECF No. 69.)

[3] Attached to their Joint Motion for a Hearing at ECF No. 65, the parties submitted a draft Protective Order for "presentation to the Court tracking disputed language" at ECF No. 65-1.

(ECF No. 67), which is opposed by Defendants (ECF No. 68).[4] For the reasons stated herein, Plaintiff's Motion for a Protective Order (ECF No. 67) is **DENIED**.

## DISCUSSION

Parties seeking cover from discovery may avail themselves of a motion for a protective order which, in effect, is the flip side of a motion to compel. Rule 26(c) affords protection for abusive or embarrassing discovery, providing that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause"). The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54–55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Id.* at 55. "Because of the interest in broad discovery, the party opposing the discovery of relevant information, whether through a privilege or protective order, bears the burden of showing that based on the balance of interests the information should not be disclosed." *Fowler-Washington v. City of New York*, No. 19-CV-6590 (KAM) (JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (internal quotation and citation omitted).

---

[4] The Court heard further argument on the motion at the Conference before the undersigned held on December 16, 2024. (ECF No. 69.)

Plaintiff's Motion for a Protective Order seeks to limit review of its source code to be produced in discovery to "Defendants' attorneys, at their U.S. based offices, and to any designated experts" (hereafter, an "FAAEEO designation"). (ECF No. 67 at 2.) Plaintiff contends that this Court "has already identified the appropriate standard: '"[t]o enter a protective order with an 'attorneys' eyes only' provision, a court must balance the risk of economic harm to the producing party against the requesting party's need for the information'" (*id*.) (quoting Electronic Order dated November 22, 2024), and this Court "must adopt this 'effective balance' of limiting potential harm to MSPP while allowing Kennedy and KTMK the opportunity 'to defend themselves.'" (*Id*. at 3) (quoting *Jane Street*, No. 24 CIV. 2783 (PAE), 2024 WL 2833114, at *12).

Plaintiff argues that Defendants themselves (as the counter-claimants suing MSPP) "need not have access to 'highly confidential and sensitive information' to defend themselves, especially to information they have never had access[,]" and "[l]imiting access to Defendants' attorneys (from multiple law firms) and their experts is a 'restriction [that] is apt to cause minimal prejudice where . . . a party has retained able counsel fully familiar with the facts of the case.'" (*Id*.) (quoting *Jane Street*, 2024 WL 2833114, at *4.) Plaintiff maintains that MSSP would be burdened in allowing Defendants access to its trade secrets and highly confidential information – especially because KTMK and Kennedy are located outside of the United States. (*Id*. at 2.)[5]

In their Response in Opposition, Defendants identify that the only target of the FAAEEO designation is Defendant Samuel Kennedy, "who is the owner of the disputed PrepMod software copyright and was its principal architect and developer." (ECF No. 68 at 1.) Defendants

---

[5] KTMK is a limited liability company organized under the laws of North Macedonian and wholly owned by Kennedy, and Kennedy resides in Ohrid, North Macedonia. (*Id*. at 2.) Plaintiff claims that "[i]t must be patently obvious that MSPP's trade secrets must not leave the borders of the United States." (*Id*. at 3.)

contend that MSPP has "not shown good cause for such restrictive disclosure[.]" (*Id*.) While Defendants acknowledge that "a protective order is necessary here to safeguard certain confidential information," they argue that MSPP's proposed FAAEEO designation is "an unnecessary overreach designed to hamstring Mr. Kennedy's defense in this litigation by depriving counsel and any expert witness of his personal insights and experience." (*Id*.)

*First*, Defendants contend that "MSPP identifies a single risk—Mr. Kennedy's physical location outside the United States—without specifying any potential harm to MSPP that purported risk poses" and MSPP "does not indicate what it fears may happen if its source code leaves the United States, or even what role Mr. Kennedy's physical location plays in MSPP's analysis." (*Id*. at 2.) Defendants maintain that MSPP's proposed additions to the draft protective order do not restrict attorney or expert reviewers by physical location, nor do they allow Mr. Kennedy to review the source code when physically present inside the United States, and even assuming some undefined risk, the parties can take practical precautions to protect MSPP, specifically by using the GitHub platform. (*Id*.)[6]

*Second*, Defendants argue "countervailing interests" do not support MSPP's FAAEEO designation, as the "PrepMod source code MSPP is now using goes to the heart of this case" – "[i]f the source code is entirely new, which MSPP has never alleged, Mr. Kennedy's copyright infringement claims fail and the only remaining issue to resolve becomes Mr. Kennedy's damages

---

[6] Defendants maintain that "[c]onducting the source code review on GitHub, a third-party platform, can easily mitigate any purported risk posed by examining the code outside the United States" because Mr. Kennedy and the KTMK used GitHub during the development of PrepMod in 2020, and the platform "allows a restricted number of users to code, modify and comment upon computer software in development" and would keep "MSPP's source code on the servers *inside* the United States." (*Id* at 3.) (emphasis added).

6

for MSPP's breach of the development contract." (*Id.*) Defendant maintains that as the "author and copyright holder" of PrepMod, Mr. Kennedy is "uniquely able to efficiently and expeditiously determine whether copying occurred or if the current PrepMod source code is a derivative work, before undertaking the considerable expense of hiring an expert." (*Id.*)

*Finally*, Defendants rebut Plaintiff's contention that Defendants "have never had access" to MSPP's source code[:]

> The Parties are involved in this litigation because Mr. Kennedy and KTMK created the PrepMod software [] in North Macedonia. There was no confidentiality agreement in place during PrepMod's development. KTMK registered the copyright for the source code. Mr. Kennedy retained a copy of the code as it appeared the day he terminated his engagement with MSPP and filed that copy with the U.S Copyright Office.

(*Id.* at 2-3.)

Here, the Court finds that MSPP has failed to show good cause as to why an FAAEEO designation is necessary in this case. Even though "[t]he disclosure of information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets" (*In re City of New York*, 607 F.3d 923, 935 (2d Cir. 2010)), good cause must nevertheless be established by the party seeking that level of protection. *See also Quotron Sys., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992) ("Protective orders that limit access to certain documents to counsel and experts only are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information"); *Hildreth Real Est. Advisors LLC v. Galvis*, No. 23-CV-9372 (DEH), 2024 WL 3318124, at *2 (S.D.N.Y. June 26, 2024); *Jane Street*, No. 24 CIV. 2783 (PAE), 2024 WL 2833114, at *12 ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets."). Specifically, "[t]o enter a protective order with an 'attorneys' eyes only' provision, a court must balance the risk of economic harm to the producing party against the

7

requesting party's need for the information." *Id.* "An 'effective balance' of those interests requires that [Kennedy] have access to information about the alleged trade secrets at issue – information to which he already had access to (and to some degree allegedly authored)" during the development of PrepMod. *Jane Street*, No. 24 CIV. 2783 (PAE), 2024 WL 2833114, at *2.

This litigation arises out of the parties' dealings as Mr. Kennedy and KTMK created the PrepMod software in Macedonia. As Plaintiff admitted in oral argument, there was no written confidentiality or non-disclosure agreement in place during PrepMod's development.[7] KTMK then registered the copyright for the source code. Mr. Kennedy, however, retained a copy of the source code that was in the form the day he terminated his engagement with MSPP. (ECF No. 68.)

Indeed, "an [FAAEEO] designation could eventually put Defendants' counsel in the untenable position. If [the] case turns on Defendant [Kennedy's] personal knowledge of specific pieces of confidential information, as demonstrated by circumstantial evidence, rather than documentary evidence, it is imperative that Defendants' counsel be able to discuss that information with their clients to understand the basis for their knowledge." *Rodo Inc. v. Guimaraes*, No. 22-CV-9736 (VSB), 2022 WL 17974911, at *2 (S.D.N.Y. Dec. 27, 2022). As the author and copyright holder of PrepMod, Mr. Kennedy "is uniquely able to efficiently and expeditiously determine whether copying occurred or if the current PrepMod source code is a derivative work." ECF No. 67 at 2. If the source code Plaintiff seeks to protect is entirely new or different, then "Mr. Kennedy's copyright infringement claims fail and the only remaining issue to resolve becomes Mr. Kennedy's damages for MSPP's breach of the development contract." *Id.*

---

[7] Plaintiff did, however, argue that there was an oral confidentiality agreement in place, to which Defendants did not confirm or deny. (*See* ECF No. 69.) The parties did agree that Kennedy previously had access to at least some – if not all – of the source code at issue. (*Id.*)

8

Plaintiff bears the burden to establish good cause for heightened FAAEEO treatment. There has been no particularized showing of good cause for such treatment in this case, rather than Plaintiff reciting a case involving trade secrets, and claiming, in conclusory and unsworn fashion, that the information at issue here is routinely the subject of FAAEEO protective orders. *See U2 Home Ent., Inc. v. KyLin TV, Inc.*, No. 06-CV-2770 (DLI), 2008 WL 1771913, at *2 (E.D.N.Y. Apr. 15, 2008). "However, the party seeking protection for alleged trade secrets bears the burden of demonstrating good cause for such a classification." *Id.*[8] Plaintiff's "assertions of harm from disclosure of the [source code] are [otherwise] too conclusory and non-specific to justify [FAAEEO] designation under the Protective Order." *Nanjing CIC Int'l Co. v. Schwartz*, No. 20-CV-7031EAW, 2023 WL 6958787, at *5 (W.D.N.Y. Oct. 20, 2023) (quoting *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, 2022 WL 3365069, *3 (W.D. Ky. 2022)) ("'An [FAAEEO] designation, which generally limits review of documents to the parties' attorneys and experts, is considered the most restrictive (and thus least often justified) tier of discovery.' To demonstrate entitlement to [FAAEEO] treatment, 'the disclosing party must provide specific demonstrations of fact, supported where possible by affidavits and concrete examples.'").

Specifically, Plaintiff fails to demonstrate that disclosure of the source code to anyone other than counsel would reasonably be expected to cause "irreparable harm" or "material impairment" to its competitive position. *Id.*; *see also Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*,

---

[8] "In determining whether purported trade secrets should be protected, the Court must consider a variety of factors, including the extent to which the information is known both outside the business and to those involved in the business; the measures taken to guard the secrecy of the information; the value of the information to the business and its competitors; and the ease with which the information could be properly acquired by others." *Id.* While Plaintiff contends that the documents at issue in this case are "highly confidential," it "proffer[s] no evidence whatsoever as to any of the foregoing factors. The law is clear that conclusory statements are insufficient to satisfy the burden of showing good cause." *Id.* (internal citations omitted). Indeed, Plaintiff conceded at the December 16, 2024 Status Conference that Kennedy is not a business competitor of MSPP. *See* ECF No. 69.

133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) (internal citations omitted) (cleaned up) (the party designating the material for attorneys' eyes only "must show that disclosure will result in a clearly defined and serious injury, by pointing to specific demonstrations of fact . . . conclusory statements – including broad allegations of potential harm or competitive injury – are insufficient to meet the good cause standard"). The Court is likewise unpersuaded that Kennedy's presence in Macedonia alone poses any risk to Plaintiff that cannot otherwise be cured through the use of the GitHub platform, which was already used to develop the software at issue in Macedonia. *See e.g.*, *Water, Inc. v. Everpure, Inc.*, No. CV0903389(ABC)(SSX), 2011 WL 13186051, at *2 (C.D. Cal. June 17, 2011) (also noting that while the "de-designation of the disputed documents" will allow defendant's employees to access the information therein, "the documents will remain confidential and any act by [defendant] to 'leak' the information or otherwise use it for a non-litigation purpose will result in a violation of the Protective Order.").

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for a Protective Order (ECF No. 67) is **DENIED**.

Dated: Central Islip, New York
December 17, 2024

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

10