**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC,

                              *Plaintiff*,

       -against-

SAMUEL KENNEDY *et al.*,

                            *Defendants*.
-------------------------------------------------------------------X

                                                      **ORDER**
                                                  24-CV-00013 (JMW)

**A P P E A R A N C E S**:

    Howard A Newman, Esq.
   **Newman Law Offices**
    1717 K Street NW Suite 900
    Washington, DC 20006
    *Attorney for Plaintiff*

    Kathleen Rose Fitzpatrick, Esq.
   **KRF Legal**
    249 Smith St, #118
    Brooklyn, NY 11231
        -and-
    Peter Brown, Esq.
   **Peter Brown & Associates PLLC**
    260 Madison Avenue, Ste 16th Floor
    New York, NY 10016
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

This Court faces, once again, a discovery dispute in which the parties failed to meet and confer. This time the dispute centers around Requests for Admissions propounded by Plaintiff, and Defendants' responses thereto. As the proverbial quote goes however, *"fool me once, shame on you; fool me twice shame on me."*[1] Not to be fooled yet again, the parties are now directed to have a meaningful meet and confer on the issues raised in the motion and report back to the Court. As such, the Court denies the motion with leave to renew but provides some guideposts for the parties to consider during their meet and confer.

## BACKGROUND

The Court assumes the parties' familiarity with the background and procedural history of the case as articulated in the undersigned's Memorandum Order dated 08/12/2024 (ECF No. 59.) and focuses only on the factual background and procedural history germane to the instant Motion to Compel answers to Plaintiff's Requests for Admission ("RFAs"). (ECF No.73.)

Plaintiff, Multi-State Partnership for Prevention, LLC ("Plaintiff") originally commenced this declaratory judgment action on March 13, 2023 against Defendants Samuel Kennedy, Kennedy Technology MK, and Kennedy Technology LLC (collectively, "Defendants") for copyright non-infringement, trademark infringement, breach of contract, defamation and tortious interference. (ECF Nos. 1, 22.) On January 2, 2024, the case was transferred from the District of Maryland to the Eastern District, and on February 8, 2024, the parties consented to the undersigned's jurisdiction for all purposes. (*See* Electronic Order dated January 2, 2024; ECF Nos. 44, 45.) The parties are currently in the midst of fact discovery. (*See*

---

[1] The concept originated in a book written in 1651 by Anthony Weldon, entitled *The Court and Character of King James,* in which he wrote, "He that deceives me once, it's his fault. He that deceives me twice, it's my fault."

2

Electronic Order dated 10/30/2024.) This latest motion is Plaintiff's Motion to Compel (ECF No. 73), which is opposed by Defendants. (ECF No. 75.) For the reasons stated herein, Plaintiff's Motion to Compel (ECF No. 73) is **DENIED,** with leave to renew.

## DISCUSSION

### I.     *Have the Parties Meaningfully Met and Conferred?*

As the parties are aware, the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the undersigned's Individual Practice Rules all mandate that parties meet and confer in a *good faith* attempt to resolve discovery disputes before formally initiating motion practice or raising disputes with the Court. *See* Individual Practice Rule 3.A; Local Civil Rules 26.4, 37.3(a); Fed R. Civ. P. 37(a). This requires the parties to:

> Meet, *in person or by telephone*, and make a *genuine* effort to resolve the dispute by determining: (i) what the requesting party is actually seeking; (ii) what the discovering party is reasonably capable of producing that is responsive to the request; and (iii) what specific genuine issues, if any, cannot be resolved without judicial intervention.

*Excess Ins. Co. v. Rochdale Ins. Co.*, No. 05-CV-10174, 2007 WL 2900217, at *12 (S.D.N.Y. Oct. 4, 2007) (emphasis added) (explaining the meet and confer requirement).

From the submissions on the motion, it is more than palpable that the parties have not made a genuine effort to meet and confer prior to raising this dispute with the Court. (ECF No. 75.) Perfunctory email correspondence that does not squarely refer to the underlying issue simply does not suffice under any circumstance. (*See, e.g.*, ECF Nos. 73, 75.) Accordingly, the parties are directed to meet and confer in an attempt to resolve the issues raised by the motion. Although the Court's Order could have ended there, instead, having done a preliminary review of the issues raised and the Requests for Admissions and Defendants' responses, the following guidance should help facilitate the discussion among counsel.

3

## II.   *What are Proper Objections to Requests for Admission?*

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, *the application of law to fact*, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1) (emphasis added). Although Rule 36 is not a discovery device, this does not mean "that an RFA may only ask about matters that the propounding party believes to be undisputed." U.*S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-cv-4044 (BCM), 2020 WL 9549505, at *2 (S.D.N.Y. Nov. 30, 2020) (quotations omitted); *But see* Wagstaffe Prac Guide: Fed Civil Proc Before Trial § 35-III (2024) ("requests for purely legal conclusions are generally not permitted.")  Therefore, "[s]ince the very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial, an answer, rather than an objection, is now the only proper response if a party considers that it has been asked to admit something that it disputes." *See Jacobson Warehouse Co. v. Prestige Brands, Inc.*, No. 20CV4416CSAEK, 2022 WL 1617711, at *6 (S.D.N.Y. May 23, 2022) (internal citation omitted).  Similarly, the fact that an admission "may provide decisive to the case is no ground for refusal to respond." (*Id.* at 6.)  Rule 36 also makes it unequivocally clear that "a party must not object solely on the ground that the request presents a genuine issue for trial." (*Id.* at (a)(5)); *see also Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009)

Thus, the logical question that follows is *what are proper objections*?  What better example to illustrate this than one from the disputed RFAs in this case.  That is, a good example of a questionable response to an RFA may be found in RFAs 25-26 which asked Defendants to admit to the details of conferences that took place between March 1, 2020, through August 10,

4

2020, involving Mr. Kennedy and Ms. Tate. (ECF No. 73, Exhibit A at 9.) Defendants objected to these RFAs on the basis that they sought to ratify a legal conclusion but partially admitted, subject to their objections, that Mr. Kennedy did speak with the Plaintiff, but could not recall how many times. (ECF No. 73, Exhibit B at 10.) RFAs 25-26 are requests for factual admissions that surely have legal consequence, like every admission does. However, simply because answering an RFA has a legal "consequence" does not make that RFA impermissible. *U.S. Bank Nat'l Ass'n*, 2020 WL 9549505 at *4 (RFAs which ask for admissions of fact or admissions as to the application of law to fact that are crucial to the requesting party's "theory of the case" or go to "the very heart of the dispute," are not, for that reason alone, impermissible.) (cleaned up) (quotation marks omitted). This analysis would be far different if Plaintiff was merely asking Defendants to admit or deny an assertion of law unconnected to the facts of the case or to rely upon disputed facts. *See Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (collecting cases) (litigants are not required to admit conclusions of law "unconnected to the facts of the case at bar.") But requesting admission or denial of underlying facts is within the proper scope of the rule. Therefore, Defendants' assertions that these RFAs sought to ratify legal conclusions for those RFAs are likely incorrect.

    Even setting Defendants' objections to these RFAs aside, the response ignores the unambiguous language of Rule 36—failing to respond to a proper request for admission on the basis that a party does not know the answer, without more, is impermissible. *See* Fed. R. Civ. P. 36(a)(5) ("The answering party may assert lack of knowledge . . . as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.") (emphasis added). Defendants simply allege that they cannot recall "the sum and substance of every

5

communication" they had with [Plaintiff.] (ECF No. 73, Exhibit 2 at 9.)  Nowhere in that objection is there a reference to Defendants' reasonable inquiry into the matter.

Now that we have covered improper objections, let's cover one that may be proper. *See generally* Wagstaffe Prac Guide: Fed Civil Proc Before Trial § 35-III (2024) ("With some exceptions, request for admission is subject to all of the objections allowed in response to an interrogatory.")   RFAs 58-60 ask the Defendants whether they informed Plaintiff that use of the intellectual property concerning Prepmod was "impermissible without" the Defendants' consent. (ECF No. 73, Exhibit 2 at 16-17.)  Defendants objected to RFA 60 as duplicative of RFAs 58 and 59. (*Id.*)  Defendants are likely correct: all three RFAs ask the same substantive question; RFA 60 asks whether Plaintiff's use of Prepmod was impermissible without the consent of "any of the Defendants," while the other two RFAs ask whether use was impermissible without Kennedy's or Ktech's consent.  The broad language of RFA 60 necessarily includes both Kennedy and KTech. *See Van Wagenen v. Consol. Rail Corp.*, 170 F.R.D. 86, 87 (N.D.N.Y. 1997) (holding that requests for admission "as to as to the accuracy of sentences in a document that has already been admitted as authentic, are requests that are "unreasonably **duplicative** and cumulative within the meaning of Rule 26(b)(2)(i).") (emphasis in original); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative."); *Bruno v. City of Schenectady*, 2018 WL 6599403 (N.D.N.Y., 2018).  Again, this is only a preliminary analysis merely intended to provide guidance for the meet and confer; this is not a determination of the merits.  Accordingly, Plaintiff's Motion to Compel is denied (ECF 73), with leave to renew following the meet and confer.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Compel (ECF 73) is **DENIED** *without prejudice and with leave to renew*. The parties are directed to meet and confer on the issue of the Requests for Admission by **March 7, 2025**. If any issues remain following the meet and confer, Plaintiff may renew its Motion. The parties are further directed to file a Joint Status Report on or before **March 5, 2025**, advising the Court on the status of this issue.

Dated:        Central Islip, New York
               February 20, 2025

**S O   O R D E R E D:**
*/S/ James M. Wicks*
     JAMES M. WICKS
   United States Magistrate Judge

7