UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC,

        *Plaintiff*,

      -against-

SAMUEL KENNEDY, KENNEDY
TECHNOLOGY MK, and KENNEDY
TECHNOLOGY, LLC,

        *Defendants*.
----------------------------------------------------------------X

FILED
CLERK

1/16/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM
AND ORDER

24-CV-00013 (JMW)

**A P P E A R A N C E S:**

    Jordan Fletcher
    **Fletcher Law, PLLC**
    234 Fifth Avenue, 2nd Floor
    New York, NY 10001
    *Attorney for Plaintiff*

    Kathleen Rose Fitzpatrick
    **KRF Legal**
    249 Smith St, #118
    Brooklyn, NY 11231

        -and-

    Peter Brown
    **Peter Brown & Associates PLLC**
    260 Madison Avenue, 16th Floor
    New York, NY 10016
    *Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff, Multi-State Partnership for Prevention, LLC ("Plaintiff' or "MSPP") originally commenced this declaratory judgment action against Defendants Samuel Kennedy, Kennedy Technology MK, and Kennedy Technology LLC (collectively, the "Defendants") for invalidity of

1

copyright, non-infringement of copyright, trademark infringement, breach of contract, defamation and tortious interference, arising out of Plaintiff's development of computer software program, PrepMod, developed in the early stages of the COVID-19 pandemic. (*See generally*, ECF No. 22.) The parties have attempted to resolve this matter through mediation. (*See* ECF No. 87; Electronic Order dated 4/23/2025; Electronic Report dated 10/21/2025.) However, those efforts did not result in settlement, and thus, the parties are currently in the midst of fact discovery. (*See* Electronic Order dated 10/29/2025.)

Before the Court are cross-motions to amend: (i) Defendants' Motion to Amend their Answer with Counterclaims (ECF No. 94), and (ii) Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 96). Plaintiff neither opposes nor consents to Defendants' proposed amendment. (ECF No. 95.) Defendants, on the other hand, focus on Plaintiff's proposed fraud claim, which is the sole subject of the opposition. (ECF No. 99.) For the reasons set forth below, Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 96) and Defendants' Motion to Amend the Counterclaims (ECF No. 94) are both **GRANTED**.

## BACKGROUND

The following allegations are drawn from the First Amended Complaint. (ECF No. 22.) Plaintiff is a Maryland limited liability company, consisting of a single member, Tiffany Tate. (*Id.* at ¶ 1.) Defendant Samuel Kennedy ("Kennedy") is a software developer domiciled in New York and Kennedy Technology MK ("KTMK") is a partnership based in New York and Struga, Macedonia. (*Id.* at ¶¶ 2-3.) Now terminated[1] Defendant Kennedy Technology, LLC is a New York limited liability company. (*Id.* at ¶ 4.)

On March 10, 2020, Plaintiff met with Defendants and gave Defendants access to the

---

[1] The explanation for Defendant's termination is discussed further below in the background section.

code to companion software Plaintiff created and owned in 2017 known as ReadiConsent and ClinicWizard, as well as a prototype of PrepMod. (*Id.* at ¶¶ 12–13.) On March 13, 2020, Plaintiff provided Defendants a list of "enhancements" to the code "to fortify it so that it could accommodate the anticipated demand produced by COVID." (*Id.* at ¶ 14.) On March 26, 2020, the parties had another meeting and came to an oral agreement regarding the terms of a contract. (*Id.* at ¶ 17.) Plaintiff requested a proposed written agreement, but Defendants never sent a contract. (*Id.* at ¶¶ 18–19, 23.) Beginning in March 2020, Defendants worked with Plaintiff's developers on the development of code using a third-party GitHub, secure platform and cloud-based service for software development in which developers store and edit code resulting in time-stamped files and software. (*Id.* at ¶¶ 20–21.) In May and June 2020, Kennedy represented to multiple third parties, as well as to Plaintiff, that Plaintiff owned the copyright to any work that Defendants had created. (*Id.* at ¶ 25.) On August 16, 2020, Defendants provided Plaintiff with the final copy of the work they had completed via GitHub. (*Id.* at ¶ 29.) On multiple occasions, Plaintiff received and paid multiple invoices for the work. (*Id.* at ¶¶ 24, 28, 30.) Between April and August 16, 2020, Defendants delivered the code and software to Plaintiff without imposing any limitations on its use. (*Id.* at ¶ 34.)

On August 19, 2020, Defendants decided to end participation from the project but stated that they would continue working during a transition. (*Id.* at ¶ 31.) However, only a day later, Defendants "quit without any transition," and "the software that they had created was not functional." (*Id.* at ¶ 32.) Plaintiff was thereafter "forced to engage other software developers to remedy the non-functional software." (*Id.* at ¶ 33.) On August 23, 2020, Kennedy sent an unexecuted assignment of copyright to Plaintiff. (*Id.* at ¶ 35.) On November 18, 2020, Plaintiff obtained trademark registration, U.S. Patent and Trademark Office No. 6461613, of and for

"PrepMod." (*Id.* at ¶ 38.) "Claiming a first publication on April 1, 2020, the U.S. Copyright Office awarded to a copyright claimant a copyright registration for a computer program entitled 'PrepMod' from a deposited work, Registration No. TX 9-113-201, effective April 23, 2022." (*Id.* at ¶ 39.) On October 13, 2022, Kennedy claimed ownership of PrepMod and sent a cease-and-desist letter to the Philadelphia Department of Health (*see* ECF No. 1-3), with who Plaintiff had a contractual relationship with. (ECF No. 22 at ¶ 40.) That same day and the following, Kennedy submitted four other letters to two state departments of health, a county department of health, and a health system. (*Id.* at ¶ 41.) The letters claimed that Defendants had developed a software application as requested, MSPP had severed all business relations with Defendants, Plaintiff had acquired no intellectual property rights to PrepMod, and Plaintiff and its licensees were engaging in copyright infringement. (*Id.* at ¶ 42.) Upon learning of the letters, this lawsuit was filed shortly after. (*Id.* at ¶ 46.)

On March 13, 2023, Plaintiff filed a Complaint in the District Court for the District of Maryland. (ECF No. 1.) Plaintiff then filed a First Amended Complaint ("FAC"), on July 27, 2023, asserting invalidity of copyright, non-infringement of copyright, breach of contract, tortious interference of contractual relations, defamation, and trademark infringement against Defendants. (ECF No. 22.) On January 2, 2024, the case was transferred from the District of Maryland to this Court (ECF Nos. 34-35; *see also* Electronic Order dated 1/2/2024), and on February 7, 2024, the parties consented to the undersigned's jurisdiction for all purposes. (ECF Nos. 44-45.) On February 9, 2024, Plaintiff's FAC was dismissed by the undersigned in its entirety pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(ii) as against defendant Kennedy Technology, LLC, and the following causes of action set forth in Plaintiff's FAC were dismissed pursuant to FRCP 41(a)(1)(A)(ii) as against Defendants Samuel Kennedy

and Kennedy Technology MK: (i) Plaintiff's cause of action for tortious interference (Count IV); (ii) Plaintiff's cause of action for defamation (Count V); and (iii) Plaintiff's cause of action for trademark infringement (Count VI).[2] (*See* Electronic Order dated 2/9/2024.) On March 1, 2024, the remaining Defendants filed an Answer to the FAC, asserting two counterclaims against Plaintiff for copyright infringement and breach of contract. (ECF No. 48.) After several attempts to receive a so-ordered protective order, the Court granted the parties' joint motion for a protective order. (ECF No. 72.) The parties filed motions to amend their pleadings in March of 2025. (ECF Nos. 81-82.) However, upon substitution of counsel for Plaintiff, the parties attempted mediation, which unfortunately did not resolve the matter. (*See* ECF Nos. 84-87, 90.) As such, the prior motions were denied with leave to renew. (*See* Electronic Orders dated 4/23/2025.) The parties are currently engaged in fact discovery, which is set to be completed on or before March 28, 2026.[3] (*See* Electronic Order dated 10/29/2025.) On December 15, 2025, Plaintiff filed the current motion to amend the operative Complaint (ECF Nos. 96-98, 100-01). The proposed amended complaint seeks to: (i) simplify the allegations and claims in the prior complaint, and (ii) add a new fraud claim. (ECF Nos. 97 at 1, 4; 98-1.) According to Plaintiff, Defendants would not have opposed the motion if the fraud claim was removed. (ECF No. 97 at 1, 4.) At the same time, Defendants filed their motion to amend the answer with counterclaims

---

[2] In that same so-ordered stipulation, the parties also agreed,

> that all substantive determinations of law, including any and all causes of action and any counterclaims the Parties may file, shall be governed by and construed in accordance with the laws of the Fourth Circuit Court of Appeals and the State of Maryland, and that the Parties shall defer to the Court for all procedural matters.

(ECF No. 42 at 2.)

[3] The current Scheduling Order's dates and deadlines are as follows: (i) the completion of all fact discovery is March 28, 2026, (ii) all discovery, including expert discovery shall be completed by May 28, 2026, and (iii) the last date for first steps towards summary judgment motion practice is June 26, 2026. (*See* Electronic Order dated 10/29/2025.)

5

(ECF No. 94). That amendment seeks to add a new counterclaim defendant, Maryland Partnership for Prevention, Inc. (MPP). (ECF Nos. 94-1 at 1; 94-9-10.) Plaintiff takes no position to this new addition. (ECF No. 95.)

## THE LEGAL FRAMEWORK

Motions to amend pleadings are governed by the Federal Rule of Civil Procedure 15(a). Under Rule 15—which applies here since the motion to amend was filed before any deadline passed—"the court should grant such leave 'freely… when justice so requires'" pursuant to Rule 15(a)(2).[4] Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co., Inc. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019). However, the burden to explain the delay rests with the movant. *Pilkington N. Am., Inc. v. Misui Sumitomo Ins. Co. of Am.*, No. 18 Civ. 8152 (JFK), 2021 WL 4991422, at *5 (S.D.N.Y. Oct. 27, 2021). The moving party must attach the proposed amended complaint to the motion, as was done here, specifying the new claims and/or parties intended to be added. (*See* ECF Nos. 94-10; 98-7 (indicating the

---

[4] Here, as this case was transferred from Maryland, no Initial Conference was held nor was there an initial Rule 26(f) Scheduling Order entered. However, the first discovery deadlines were "so ordered" as part of a stipulation between the parties. (*See* ECF No. 42; Electronic Order dated 2/9/2024.) Further deadlines have not included a date in which motions to join new parties or amendments were to be made. Thus, Rule 16 is not implicated here, and accordingly, the motion is considered under Rule 15(a)(2). Indeed, Plaintiff reiterates this in the instant motion by contending that "[w]here the deadline to amend set in a scheduling order has not yet passed (or where, as here, no such deadline has been set)." (ECF No. 97 at 5.) *See See v. Gov't Emps. Ins. Co.*, No. 21-CV-00547 (PKC) (JMW), 2025 WL 2042323, at *4 (E.D.N.Y. July 21, 2025) (finding the same).

proposed amendments in tracked changes)); *Ghaly v. Nissan Motor Acceptance Corp.*, No. 21-CV-01613 (JS) (JMW), 2021 WL 2550389, at *1 (E.D.N.Y. June 22, 2021). The Court must consider the Rule 15 factors, even when the motion is unopposed. *See, e.g., Ryan v. County of Nassau*, No. 21-CV-113 (RPK) (ARL), 2022 WL 21816755, at *4 (E.D.N.Y. Nov. 1, 2022) (applying Rule 15's factors to an unopposed motion to amend the complaint); *Turano v. Zucker*, No. 17-CV-3397 (ADS) (AKT), 2017 WL 11593734, at *2 (E.D.N.Y. Nov. 4, 2017) (same). Indeed, "[i]t is 'within the sound discretion of the district court to grant or deny leave to amend.'" *Pierre v. Cnty. of Nassau*, No. 17-CV-6629 (LDH) (RER), 2022 WL 2872651, at *4 (E.D.N.Y. July 21, 2022) (quoting *Hart v. Suffolk Cnty.*, No. 17-CV-5067 (JS) (SIL), 2020 WL 4738243, at *2 (E.D.N.Y. Aug. 15, 2020)).

Moreover, "Rule 21 is implicated along with Rule 15 because [Defendants] seek to add [] additional [parties]." *Xianghe Cnty. Yibang Furniture Co. v. Liu*, No. 20-CV-5267 (NJC) (JMW), 2024 WL 2222200, at *6 (E.D.N.Y. Apr. 9, 2024), *report and recommendation adopted sub nom. Xianghe Cnty. Yibang Furniture Co. v. Hong Liu*, No. 20-CV-5267 (NJC) (JMW), 2024 WL 2214555 (E.D.N.Y. May 16, 2024) (quoting *Drossos. Zucker v. Porteck Glob. Servs., Inc.*, No. 13-CV-2674 (JS) (AKT), 2015 WL 6442414, at *5 (E.D.N.Y. Oct. 23, 2015)). Fed. R. Civ. P. 21 provides "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Thus, in these circumstances, "courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15….'" *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (internal citations omitted); *GB v. Town of Hempstead*, No. 17-6625 (JMA)(ARL), 2025 WL 1029439, at *4 (E.D.N.Y. Feb. 10, 2025), *report and recommendation adopted*, No. 17-CV-06625 (JMA) (ARL), 2025 WL 719125 (E.D.N.Y. Mar. 6, 2025) (same).

It is within this legal framework that the Court analyzes the motions.

## DISCUSSION

### I. Plaintiff's Motion to Amend the Complaint

Plaintiff represents that its proposed amended complaint seeks to: (i) simplify the allegations and claims in the prior complaint, and (ii) add a new fraud claim. (ECF Nos. 97 at 1, 4; 98-1.) According to Plaintiff, Defendants would not have opposed the motion if the fraud claim was removed. (ECF No. 97 at 1, 4.) That appears true as Defendants' opposition focuses primarily on the new proposed fraud claim. (*See* ECF No. 99 at 1.) The fraud claim as explained further below alleges in sum that at the time Defendants made representations to Plaintiff that they owned all the rights in the modified version of the PrepMod code, such representations were false. (*See* ECF No. 98-1 at 18-19.)

#### i. *Undue Delay*

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (emphasizing prejudice and bad faith over delay). Although mere delay is insufficient to deny a motion to amend, the moving party has the burden to explain the delay. Ordinarily, where the moving party fails to provide a detailed explanation as to why the proposed amendments could not have been alleged previously, a court will assume there was undue delay. *Perez v. Escobar Construction, Inc.*, 342 F.R.D. 378, 381-82 (S.D.N.Y. 2022).

Here, Defendants argue that allowing the proposed amendment with a newly added fraud claim would unduly delay the litigation further as prior counsel could have asserted this claim in

8

the prior motion.⁵ (ECF No. 99 at 6.) Plaintiff avers that it could not file the new fraud claim when the prior motion was made because while it is true that the relevant documents were produced in late January to early February 2025 – there were over 400 pages most of which were untranslated – requiring Plaintiff to investigate the language. (ECF No. 100 at 2.) Likewise, the case was stayed shortly thereafter due to the parties' attempt to resolve this matter in Mediation. Courts have found no undue delay exists where information underlying the proposed amendments was discovered after the filing of the initial complaint and the movant filed the motion to amend shortly thereafter. *See Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03-CV-10254 (JFK), 2006 WL 2786081, at *1 (S.D.N.Y. Sept. 26, 2006) (finding no undue delay because although defendant may have had necessary information to assert its claims at the time of the initial answer, it needed to continue its investigation to verify the basis for its counterclaims and sought to timely amend after). In addition, Defendants do not oppose the remaining claims to be amended and clarified in the proposed amendment and solely focus on the fraud claim. Therefore, this factor weighs in *favor* of granting the motion.

    ii.    ***Bad Faith***

"While not much case law exists in this Circuit about what constitutes bad faith for the purposes of denying a motion for leave to amend a pleading, a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3841841, at *5 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017) (internal quotation marks omitted) (citation omitted). The burden is on the party opposing the amendment to establish bad faith. *Contrera v. Langer*, 314 F.

---

⁵ Defendants reference the prior motions to amend that were denied with leave to renew following the Mediation.

Supp. 3d 562, 567 (S.D.N.Y. 2018) ("While the party seeking to amend its pleading must explain any delay, the party opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the amendment.'") (citations omitted).  Plaintiff's motion seeks to amend the existing pleading in two ways, namely, clarify the operative complaint, and add a fraud claim based on newly discovered evidence.

Nothing in the record presented supports a finding of bad faith, namely, seeking leave to amend solely to gain a tactical advantage. *See Neurological Surgery Prac. of Long Island, PLLC v. Cigna Health & Life Ins. Co.*, No. 21-CV-01549 (JS) (JMW), 2025 WL 2933103, at *4 (E.D.N.Y. July 2, 2025), *report and recommendation adopted*, No. 21-CV-01549(JS)(JMW), 2025 WL 2778389 (E.D.N.Y. Sept. 30, 2025) (finding the same). Defendants' conclusory statement that "[t]hroughout this litigation MSPP has thwarted discovery with one tactical move after another" does not articulate a finding of bad faith. (ECF No. 99 at 7.) Accordingly, this factor weighs in favor of granting Plaintiff's motion.

### iii.    *Prejudice*

Prejudice to the nonmovant is an important factor when determining whether to grant a claimant's leave to amend and is often the "most frequent reason for denying leave to amend." *Ruotolo*, 514 F.3d at 191. When considering whether the opposing party may be prejudiced, courts consider whether the new claim would: "(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350; *see Alekperova v. Interfaith Med. Ctr.*, No. 04-CV-202 (BAF), 2006 WL 8439666, at *4 (E.D.N.Y. Aug. 8, 2006) ("[P]rejudice must take the form of increasing the non-movant's costs, surprising the non-movant with new allegations or claims, or

10

delaying or prolonging the trial."). "[T]he proper standard is one that balances the length of the delay against the resulting prejudice.... [T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *de la Gandara v. Soriano*, No. 25-CV-02242 (FB) (JMW), 2025 WL 3228080, at *3 (E.D.N.Y. Nov. 19, 2025) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)).

Defendants have not shown that permitting Plaintiff to amend would cause prejudice to them. Rather, Defendants contend that allowing the fraud claim would "enlarge the scope of discovery and significantly delay an already stalled litigation." (ECF No. 99 at 8.) Yet another conclusory statement that "fail[s] to identify the specific parties that will need to be deposed or the types of documents that will require discovery. *Baker v. Powell*, No. 23-CV-1626 (KMK), 2025 WL 2693629, at *8 (S.D.N.Y. Sept. 22, 2025) (collecting cases) (discussing that "courts often find that any additional discovery that is needed is unlikely to be prejudicial"). While fact discovery in this case is set to close at the end of March, the end of all discovery including expert discovery is to be completed by May 28, 2026. (*See* Electronic Order dated 10/29/2025.) "The degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party." *Bullion Exch. LLC v. Bullion Shark, LLC*, No. 24-CV-00467 (SJB) (JMW), 2025 WL 2933204, at *7 (E.D.N.Y. May 15, 2025), *report and recommendation adopted*, No. 24-CV-00467 (SJB )(JMW), 2025 WL 2658694 (E.D.N.Y. Sept. 17, 2025) (quoting *Mohegan Lake Motors, Inc. v. Maoli*, No. 16-CV-6717 (NSR)(LMS), 2018 WL 4278352, at *5 (S.D.N.Y. June 8, 2018)). With that, any additional discovery to be conducted, can be in the current timeframe. In addition, Plaintiff avers that the fraud claim will have limited impact to discovery. (ECF No. 100 at 3.)

11

Accordingly, little to no prejudice exists.

### iv. *Futility*

An amendment is futile if the proposed claim could not withstand a motion to dismiss under Fed. R. Civ. P. § 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The party opposing the amendment bears the burden of proving futility. *FC Online Marketing, Inc. v. Burke's Martial Arts*, LLC, No. 14-CV-03685 (SJF) (SIL), 2016 WL 11481193, at *7 (E.D.N.Y. Sept. 30, 2016). As such, when a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation marks omitted).

The futility branch is ofttimes the death knell on a contested motion to amend. *See e.g., Schwasnick v. Fields*, No. 08-CV-4759 (JS) (ARL), 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) ("In this case, there is no evidence of undue delay, bad faith, dilatory motive, or prejudice to Defendant. However, granting leave to amend would be futile because the [pleading], even with further amendments could not survive a 12(b)(6) motion[]"); *McGrath v. Indus. Waste Techs.*, No. 20-CV-2858 (KPF), 2021 WL 791537, at *8 (S.D.N.Y. Feb. 26, 2021) (internal citations and quotations omitted) ("[L]eave to amend may independently be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim . . . ."); *see also Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06-CV-1202 (LGS) (HBP), 2013 WL 3718071, at *9 (S.D.N.Y. July 15, 2013) (noting the motion to amend could have been denied based on futility alone because the potential claims lacked specificity and authority, and were otherwise meritless).

12

Here, Defendants only object to the proposed fraud claim. "[T]he Court's futility analysis is limited to the new material that Plaintiff has asked the Court for leave to add." *Tapjets Inc. v. United Payment Servs., Inc.*, No. 19-CV-3740 (RRM)(VMS), 2021 WL 3129886, at *7 (E.D.N.Y. July 22, 2021). As such, the Court will only analyze if the fraud claim is futile. *See Lichtman v. Whole Foods Mkt. Grp. Inc.*, No. 21-CV-82 (ENV)(VMS), 2022 WL 1645658, at *3 (E.D.N.Y. May 24, 2022) ("As the proposed new allegations do not constitute new claims, but, rather, provide additional allegations about the circumstances … the Court will not consider Defendant's futility arguments in this posture.")

The crux of the dispute is in connection with Count Five for fraud. As an initial matter, Plaintiff argues that this claim is not futile under New York law. (ECF No. 97 at 6.) However, the parties stipulated, and the Court so ordered that stipulation, which stated all causes of action shall be governed by the laws of the Fourth Circuit Court of Appeals and the State of Maryland. (*See* ECF No. 42; Electronic Order dated 2/09/2024.) Therefore, the Court analyzes the proposed fraud claim under Maryland law.

> To prevail on a claim for fraud [in Maryland], a plaintiff must show: (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. Each of these elements must be proven by clear and convincing evidence. Fraud in the inducement is one theory or means of committing fraud, and has the same elements as fraud.

*Access Funding, LLC v. Linton*, 290 A.3d 112, 143 (Md. 2022) (internal citations omitted).

Here, assuming the truth of the pleadings as required, Plaintiff alleges the above elements. Plaintiff's proposed amendment includes that Defendants made false statements as to the representations that Defendants owned "all rights in the modifications to and modified

13

version of the PrepMod code, and that they lacked the full legal authority to assign or transfer the copyright rights in that PrepMod code, contrary to what Kennedy (in his personal capacity and on behalf of KTech) represented to Plaintiff." (ECF No. 98-1 at ¶ 123.) Next, Defendants knew or should have known the statements were false. (*Id.*) The statements were made by Kennedy "with the intention that MSPP would rely upon them and thus (a) continue engaging Defendants for their services, (b) continue pursuing license of PrepMod to third party health agencies in the United States, and (c) continue paying Defendants for their services." (*Id.* at ¶ 124.) Plaintiff having no reason not to believe these representations were false, reasonably relied upon them and continued to pay Defendants resulting in harm. (*Id.* at ¶¶ 126-27.) Defendants disagree and argue that the claim fails due to contradictions. For example, Plaintiff never asked Defendants for a written assignment prior to licensing the PrepMod code to a third-party. (ECF No. 100 at 9.) However, such arguments are not appropriate at this stage of the pleadings. All that is necessary is that the allegations are well-plead. *See Smith v. Westhab Traverse House*, No. 24-CV-4961 (KMW), 2025 WL 1589422, at *1 (S.D.N.Y. June 4, 2025) (quoting *Iqbal*, 556 U.S. at 678-79.) ("In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"); *Nicolosi v. BRG Sports, Inc.*, No. 16-CV-2910 (SJ) (CLP), 2019 WL 5695852, at *7 (E.D.N.Y. Aug. 21, 2019) ("the question for this Court on a motion to amend is whether the proposed Amended Complaints satisfy the minimal pleading standards of *Iqbal* and *Twombly*.")

      The proposed fraud claim satisfies Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud claims. "Importantly, '[f]raud-based claims under the MCPA are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard' and 'must at a minimum, describe the time,

14

place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Bryant v. Koppers, Inc.*, 627 F. Supp. 3d 466, 478 (D. Md. 2022), *aff'd*, No. 22-2017, 2023 WL 3053017 (4th Cir. Apr. 24, 2023) (quoting *Washington Cnty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, 431 F. Supp. 3d 698, 710 (D. Md. 2020)). Here, Plaintiff provides the time, contents and identity of those who made misrepresentations. (*See* ECF No. 98-1 at 18-19.) Specifically, the amendment alleges,

> Defendants represented to plaintiff, *in writing by email dated June 23, 2020*, that they owned all right, title, and interest in the modified version of PrepMod code and that they were fully capable of transferring or assigning the copyright rights in that PrepMod code to Plaintiff "at any time." At the time Defendants made the foregoing representations, those statements were false, and Defendants knew or should have known that they were false. Specifically, Defendants knew that they did not at that time own all rights in the modifications to and modified version of the PrepMod code, and that they lacked the full legal authority to assign or transfer the copyright rights in that PrepMod code, contrary to what *Kennedy (in his personal capacity and on behalf of KTech) represented to Plaintiff*.

(*Id.* at ¶¶ 122-23) (emphasis added).

Moreover, Defendants argue that Plaintiff may not bring a fraud claim because of the "economic loss" rule. That rule states generally when a "controversy concerns purely economic losses allegedly caused by statements made during the course of a contractual relationship between businessmen, it is plainly contract law which should provide the rules and principles by which the case is to be governed." *Superior Bank, F.S.B. v. Tandem Nat. Mortg., Inc.*, 197 F. Supp. 2d 298, 310 (D. Md. 2000), *adhered to on denial of reconsideration* (June 27, 2000) (quoting *Flow Industries, Inc., v. Fields Construction Co.*, 683 F.Supp. 527, 530 (D.Md.1988)). However, Courts have found that the "economic loss rule also does not bar claims of fraudulent inducement to contract." *Next Generation Grp., LLC v. Sylvan Learning Centers, LLC*, No. 11-CV-0986 (CCB), 2012 WL 37397, at *4 n. 5 (D. Md. Jan. 5, 2012) (collecting cases). And that is exactly what Plaintiff argues here – the misrepresentations induced the contractual agreement –

15

resulting in harm. (ECF No. 100 at 5.) The proposed allegations state Defendant Kennedy made false statements to Plaintiff with the intent that Plaintiff would rely on the misrepresentations, continue working with Defendants which included pursuing licensing of PrepMod and paying for such services. (ECF No. 98-1 at ¶¶ 88, 99, 124, 126.) Plaintiff's reasonable reliance on those statements resulted in paying Defendants without receiving what was agreed upon. (*Id.* at ¶¶ 89, 127.)

Put simply, "[t]he economic loss doctrine does not apply to fraud or intentional misrepresentation claims that 'go directly to the inducement of the contract, rather than its performance.'" *ISP Techs., Inc. v. Capricorn Pharma, Inc.*, No. 11-CV-0023 (WDQ), 2011 WL 2600674, at *7 n.11 (D. Md. June 28, 2011) (internal citation omitted). In *Americas Premiere Corp. v. Schwarz*, the court found that the economic loss rule did not bar a fraud claim brought by the plaintiff. No. 08-CV-3304 (DKC), 2009 WL 2477521, at *5 (D. Md. Aug. 11, 2009). There, the plaintiff alleged that the defendant "did not intend to honor the contract at the time the contract was made." *Id.* The Court looked to the Fourth Circuit that dealt with a similar situation, where there were separate claims for contract and fraud stemming a false statement made and found that the fraud claim could proceed due to the knowingly fraudulent representation. *Id.* at *4-5. (The Fourth Circuit applied Virginia law. However, the District of Maryland noted that the economic loss rule is the same under both Maryland and Virigina law.); *see also Dwoskin v. Bank of Am., N.A.*, 850 F. Supp. 2d 557, 569 (D. Md. 2012) (citing *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.,* 223 F.3d 873, 885 (8th Cir. 2000) (This court and others, however, have recognized that the economic loss rule does not bar claims of fraudulent inducement to contract. In this case, [plaintiff] plead an independent claim of fraud in the inducement … [which] are an exception to the economic loss doctrine because they are 'necessarily prior to the contract' and

16

'independent of the contract.'") Given the above, the economic loss rule does not bar the fraud claim advanced by Plaintiff.

Accordingly, Plaintiff's proposed fraud claim may proceed.

## II. **Defendants' Motion to Amend the Counterclaims**

Defendants' amendment seeks to add a new counterclaim defendant, MPP and allegations as to new counterclaim defendant MPP thereto. (ECF Nos. 94-1 at 1; 94-9-10.) Plaintiff takes no position to this new addition. Here, unlike Plaintiff's motion, Fed R. Civ. P. 21 is implicated as the relief sought would add an additional party. *See Gov't Emps. Ins. Co.*, 2025 WL 2042323, at *3.

### i. *Undue Delay, Bad Faith, and Prejudice*

As for the first factor of undue delay, the additions proposed were only uncovered through the course of discovery and upon that, Defendant moved to amend the counterclaims back in March of 2025. (*See* ECF No. 81.) Courts typically will find no undue delay exists where information underlying the proposed amendments was discovered after the filing of the initial complaint and the movant filed the motion to amend shortly thereafter. *See Sea Trade Co.*, 2006 WL 2786081, at *1. The motion was denied with leave to renew as the case was stayed due to Plaintiff's substitute of counsel as well as the referral to mediation. (ECF No. 84; Electronic Orders dated 4/5/2024, 4/23/2025.) Thus, the case was stayed from April until October. (*See* Electronic Orders dated 4/23/2025 and 10/15/2025.) Moreover, the lack of undue delay is further bolstered by the fact that Plaintiff has not opposed this motion, and therefore, Plaintiff has not "shown that [Defendants have] unduly delayed by filing the Motion." *Menzel v. Roadget Bus. Pte. Ltd.*, No. 24-CV-860 (JGK) (SLC), 2024 WL 4827403, at *1 (S.D.N.Y. Nov. 19, 2024). Therefore, no undue delay exists.

17

Next as to bad faith, there is no indication that the proposed additional counterclaim defendant is to gain a tactical advantage. As Plaintiff takes no position here, and does not object (*see* ECF No. 95), no bad faith has been established. *See Zou v. Han*, 797 F. Supp. 3d 199, 214 (E.D.N.Y. 2025) ("Based on these circumstances and lack of evidence to the contrary, bad faith does not exist.")

Finally, a finding of prejudice also is absent here. Notably, where the motion to amend is not contested, prejudice is absent. *See Titus-Phillips v. British Airways PLC*, No. 20-CV-5100 (EK)(SJB), 2022 WL 1177306, at *4 (E.D.N.Y. Apr. 20, 2022) (collecting cases granting unopposed motions to amend because no prejudice would result); *Willton NC NY, LLC v. MH I Investment LLC*, No. 24-CV-5526 (AT) (JW), 2025 WL 20656019, at *2 (S.D.N.Y. July 23, 2025) (concluding no prejudice existed "[w]ithout opposition from Defendants"); *Peralta v. LA Morena Rest. Corp.*, No. 25-CV-3396 (VSB) (SLC), 2025 WL 2218829, at *1 (S.D.N.Y. Aug. 5, 2025) ("As an initial matter, Defendants did not respond to the Motion and, therefore, they have not shown that [plainitff] unduly delayed filing the Motion, acted in bad faith or with dilatory purposes, or caused Defendants prejudice.").

Accordingly, the above three factors favor granting Defendants' motion.

### ii. *Futility*

Defendants seek to add MPP as a counterclaim defendant following discovery that revealed MPP's purported authority to license the PrepMod software at issue here. (ECF No. 94-1 at 1.) Defendants do not add new claims but rather only add MPP as an additional party to the two counterclaims against Plaintiff. (*See* ECF No. 94-10 at 12-20.) Indeed, a review of the proposed amendment shows that the same theories remain, and the only additions are those as to MPP to connect the copyright infringement and breach of contract allegations between Plaintiff

18

and MP. (*See id.*) As this amendment is unopposed, Plaintiff has not shown why granting leave would be futile. *See Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650, 654 (S.D.N.Y. 2024) ("Defendants have not shown any just reason why Wu should not be added as a defendant. Hu's alleged involvement in the conduct underlying Plaintiffs' claims is amply demonstrated in the allegations contained in the proposed Amended Complaint. …Thus, the Court, in its discretion, grants Plaintiffs' motion to add her as a defendant in this action.") Moreover, "interests of judicial economy also favor adding [MPP] as a party to this action over deferring claims against it to separate future action." *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 415 (S.D.N.Y. 2008).

Accordingly, Defendants' motion to amend is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 96) is **GRANTED**, and Defendants' Motion to Amend the Counterclaims (ECF No. 94) is **GRANTED**.  The parties shall file their respective amended pleadings on ECF on or before **January 23, 2026**.

Dated:  Central Islip, New York.
         January 16, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*
         JAMES M. WICKS
         United States Magistrate Judge