**FILED**
**CLERK**

**4/22/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC,

<em>Plaintiff,</em>

-against-

SAMUEL KENNEDY, and KENNEDY
TECHNOLOGY MK,

<em>Defendants.</em>

--------------------------------------------------------------X

SAMUEL KENNEDY,

<em>Counterclaim Plaintiff,</em>

-against-

MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC and MARYLAND
PARTNERSHIP FOR PREVENTION, INC.,

<em>Counterclaim Defendants.</em>

--------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

24-CV-00013 (JMW)

**A P P E A R A N C E S:**

Jordan Fletcher
**Fletcher Law, PLLC**
234 Fifth Avenue, 2nd Floor
New York, NY 10001
*Attorney for Counterclaim Defendants*

Kathleen Rose Fitzpatrick
**KRF Legal**
249 Smith St, #118
Brooklyn, NY 11231

-and-

1

Peter Brown
**Peter Brown & Associates PLLC**
260 Madison Avenue, 16th Floor
New York, NY 10016
*Attorneys for Counterclaim Plaintiffs*

**WICKS,** Magistrate Judge:

Plaintiff Multi-State Partnership for Prevention, LLC ( "MSPP") originally commenced this declaratory judgment action against Defendants Samuel Kennedy ("Kennedy") and Kennedy Technology MK ("KTMK" and collectively, the "Defendants") for invalidity of copyright, non-infringement of copyright, trademark infringement, breach of contract, defamation and tortious interference, arising out of Plaintiff's development of computer software program, PrepMod, developed in the early stages of the COVID-19 pandemic. (*See generally*, ECF No. 22.) Thereafter, the parties sought to amend their pleadings, which was granted by the Court. (ECF No. 105.) Now before the Court is Plaintiff/Counterclaim Defendants MSPP and Maryland Partnership for Prevention, Inc. ("MPP") (collectively, the "Counterclaim Defendants") Motion to Dismiss the Counterclaims asserted by Defendant/Counterclaim Plaintiff Kennedy's Amended Counterclaims ("ACC") (ECF Nos. 124-126), Counterclaim Plaintiff's opposition (ECF No. 131), and Counterclaim Defendants' reply (ECF No. 134). For the reasons set forth below, Counterclaim Defendants' Motion to Dismiss (ECF No. 124) is **GRANTED in part** and **DENIED in part**.

**RELEVANT BACKGROUND**[1]

In March 2020, Kennedy was contacted about developing software for MSPP. (*See* ECF No. 107 at ¶ 89.) Kennedy was then put in contact with Tiffany Tate ("Tate"), the owner and

---

[1] Familiarity with this action is assumed. The Court points the reader to ECF No. 105 for the factual and procedural backgrounds in this matter. However, the Court outlines the factual background alleged in the Amended Answer with Counterclaims. (ECF No. 107.)

single member of MSPP, who explained that she was looking for improvements to be made to "MSPP software called ClinicWizard and ReadiConsent (the MSPP Software) in anticipation of a nationwide effort to vaccinate against COVID-19." (*Id.* at ¶¶ 83, 89-90.) After reviewing the MSPP Software, Kennedy discovered several security issues and found the software to be "poorly structured and unusable." (*Id.* at ¶ 92.) Tate was aware of these issues prior to speaking with Kennedy, and he explained that he will need to write a new program to meet MSPP's goals. (*Id.* at ¶¶ 93-94.) He agreed to develop a software called PrepMod for at a weekly rate of $10,000, which was later reduced by Kennedy to $7,500. (*Id.* at ¶ 95.) Tate and Kennedy discussed the terms, but never reached a formal, written contract (*Id.* at ¶ 97.)

Kennedy retained KTMK to complete the PrepMod project, and the KTMK employees together with Kennedy himself began work on April 13, 2020. (*Id.* at ¶¶ 98-99.) Kennedy and KTMK worked from April to August of 2020 to complete the PrepMod software, but during the course of the project, the scope of the work was frequently changed by MSPP. (*Id.* at ¶¶ 102-03.) Kennedy sent MSPP three invoices which totaled "$135,000, reduced to $90,000: (a) May 1, 2020, for $15,000; (b) August 3, 2020, for $105,000 reduced to $60,000; and (c) August 17, 2020, for $15,000." (*Id.* at ¶ 100.) MSPP paid a total of $30,000 of the $90,000. (*Id.* at ¶ 101.) Between the scope of the work changing, and the failure to pay the invoices, the relationship between Kennedy and MSPP fell apart in August 2020. (*Id.* at ¶ 104.) On August 17, 2020, Kennedy formally ended the work and requested MSPP to pay the outstanding $60,000 before he assigned the copyright. (*Id.* at ¶ 105.) He explained to Tate that for MSPP to own the copyright of any derivative works using the PrepMod code, it needed to be assigned to them, but MSPP refused to pay the unpaid balance. (*Id.* at ¶¶ 106-07.)

After August 2020, KTMK received copyright assignments, and later, on April 23, 2022,

3

the US Copyright Office issued a copyright for the PrepMod software. (*Id.* at ¶¶ 108-09.) On April 28, 2022, KTMK assigned this copyright to Kennedy. (*Id.* at ¶ 110.) In late August 2020, MPP entered a resale agreement with SHI International, Inc. ("SHI"), granting SHI a "license to purchase, resell market, and distribute the PrepMod software of a derivative thereof, among other things." (*Id.* at ¶ 111.) SHI paid MPP $300,000 pursuant to the agreement, and MPP never disclosed that it did not own PrepMod, nor that it was the agent of MSPP. (*Id.* at ¶¶ 112-13.) SHI and MPP entered a second resale agreement, and SHI then contracted to license PrepMod with both the Massachusetts Department of Public Health and the Virginia Department of Health. (*Id.* at ¶¶ 114-15.) MSPP and/or MPP themselves "licensed the PrepMod software or a derivative thereof to between twenty-seven (27) and forty-four (44) institutions" without Kennedy's authorization. (*Id.* at ¶ 117.) MPP reported $471,022.00 in program service revenue in 2020, $4,583,560.00 in 2021, $975.00 in 2022, and $6,556,715.00 in 2023. (*Id.* at ¶¶ 118-21.) Therefore, MPP generated revenue through the unlawful licensing and distributing of the software. (*Id.* at ¶ 122.)

## THE LEGAL FRAMEWORK

"When presented with both a motion under 12(b)(1) to dismiss for lack of subject matter jurisdiction and a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the first issue is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action." *Zapotocky v. CIT Bank, N.A.*, 587 B.R. 589, 592 (S.D.N.Y. 2018). To prevail against a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), the "plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)) ("A case is properly dismissed for lack of subject matter

4

jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). In considering such a motion, the Court generally "must accept the material factual allegations in the complaint as true[,]" however, it is *not* required to "draw all reasonable inferences in the plaintiff's favor." *Cohen v. Saraya USA, Inc.*, No. 23-CV-8079 (NJC)(JMW), 2025 WL 581566, at *9 (E.D.N.Y. Jan. 20, 2025), *report and recommendation adopted*, No. 23-CV-8079 (NJC) (JMW), 2025 WL 580369 (E.D.N.Y. Feb. 23, 2025) (quoting *Zapotocky*, 587 B.R. at 592).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Annabi v. New York Univ.*, No. 24-CV-2601, 2025 WL 1066083, at *1 (2d Cir. Apr. 9, 2025) (quoting *Iqbal*, 556 U.S. at 678). To that end, complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  When considering a motion to dismiss under 12(b)(6), the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, this tenet does not apply to

legal conclusions or "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. More is required. Put differently, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. … Factual allegations must be enough to raise a right to relief above the speculative level. To survive dismissal, a complaint must provide enough facts to state a claim to relief that is plausible on its face." *Go New York Tours Inc. v. Gray Line New York Tours, Inc.*, No. 24-cv-2392, 2025 WL 947083, at *2 (2d Cir. Mar. 27, 2025) (quoting *Mayor & City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013)).

It is under this legal framework, that the Court analyzes the instant motion.

## **DISCUSSION**

Kennedy's counterclaims include a claim for copyright infringement and a claim for breach of contract. (*See* ECF No. 107 at 17-20.) Counterclaim Defendants move to dismiss the counterclaims on the grounds that (i) Kennedy's infringement claim is precluded because it fails to sufficiently allege compliance with the Copyright Act § 411(a)'s registration requirement, (ii) the contract claim is barred by Maryland's three-year statute of limitations, (iii) the copyright infringement claim if not fully precluded, is time barred as to MPP, (iv) Kennedy lacks standing as the infringement allegations "relate to alleged infringements of certain third-party software developers' rights", and (v) Kennedy's "demand for statutory damages and attorney's fees must be stricken or dismissed because Kennedy is not eligible for either form of relief pursuant to 17 U.S.C. § 412." (ECF No. 125 at 1.)

Kennedy argues against dismissal on the grounds that (1) the infringement claim does

comply the Copy Right Act § 411(a)'s registration requirement, and the Counterclaim Defendants waived this argument pursuant to this Court's Individual Practice Rule 3(d)(1), (2) the claims against MPP are not time barred because MPP is the alter-ego of MSPP and the claims relate back to the date of the initial complaint, (3) the contract claims are not time barred because the claim did not begin to run until March 1, 2021 and regardless, the court can toll the limitations for equitable reasons, (4) standing exists and should be decided at the summary judgment stage, and it would be manifest injustice to partially dismiss the copyright claims. (ECF No. 131 at 6-15.)

### I.        Choice of Law

The parties stipulated, that all causes of action shall be governed by the laws of the Fourth Circuit Court of Appeals and the State of Maryland. (*See* ECF No. 42; Electronic Order dated 2/09/2024.) Moreover, pursuant to that stipulation, Maryland law governs all substantive determinations of law in this case, including all claims and counterclaims. (ECF No. 42 at 2.) ("[A]ll substantive determinations of law, including any and all causes of action and any counterclaims the Parties may file, shall be governed by and construed in accordance with the laws of the Fourth Circuit Court of Appeals and State of Maryland.") For procedural matters, the Parties agreed to defer to the Court. (*See id.*) ("[T]he Parties shall defer to the Court for all procedural matters.") Counterclaim Defendants argue that the pleading standards, and 411(a) of the Copyright Act is a precondition to suit thereby making it a procedural issue. (ECF No. 125 at 5-6, 12 nn. 4-5, 7.)  The Court agrees that pleading standards are procedural and therefore governed by federal procedure rules. *See Eng v. City of New York*, 715 Fed. App'x 49, 52 (2d Cir. 2017). However, as for alleging any elements or finding if a claim is adequately pled, and for any statute of limitation arguments, the Court will follow Maryland law as well as the Fourth

Circuit.[2]

## II.    Copyright Infringement

To establish a copyright infringement claim, "a plaintiff must prove that it owned a valid copyright and that the defendant copied the original elements of that copyright." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 537 (4th Cir. 2015) (quoting *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001)). Copyright infringement claims do not have a heightened pleading standard, and Plaintiff only has to plead that he owns a valid copyright, which was infringed upon. *See CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 674 (D. Md. 2009). The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Thus, registration of a copyright is considered "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 300 (2019). The statute of limitations under the Copyright Act is three years after the claim accrued. *Lyons P'ship, L.P.*, 243 F.3d at 798 (citing 17 U.S.C. §§ 502, 504). "A cause of action for copyright infringement accrues when one

---

[2] While this case is brought under federal question jurisdiction, for purposes of explaining substantive versus procedural, the Court outlines the differences as if this were a case brought under diversity jurisdiction. Likewise, other state claims are brought under supplemental jurisdiction. (See ECF No. 106 at ¶¶ 16-17.)

> Classification of a law as substantive or procedural for *Erie* purposes is sometimes a challenging endeavor, but perhaps even more confounding is the fact that a state's procedural rules under its own choice-of-law principles can be substantive for purposes of *federal* diversity jurisdiction. For instance, a state court considering whether to apply its own statutes of limitations to claims governed by the laws of other states, may apply its statutes of limitations as a procedural matter. A federal court, however, may apply the same statute of limitations because it is "substantive" within the meaning of *Erie.*

*Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 152 (2d Cir. 2013) (internal citations and quotation marks omitted).

has knowledge of a violation or is chargeable with such knowledge." *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997) (quoting *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994)).

Kennedy has standing to bring the copyright infringement claims. "Only the copyright owner, or the owner of exclusive rights under the copyright, at the time the alleged acts of infringement occur, has standing to bring an action for infringement of those rights." *X-It Prods., LLC v. Walter Kidde Portable Equip., Inc.,* 227 F. Supp. 2d 494, 527 (E.D. Va. 2002) (citing *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d. 971, 980 (2d Cir. 1991)). A party bringing a claim for copyright infringement satisfies the § 411(a) registration prerequisite if the copyright owner or owner of any exclusive right in the work has registered it. *Huthwaite, Inc. v. Sunrise Assisted Living, Inc.*, 261 F. Supp. 2d 502, 509 (E.D. Va. 2003). KTMK received copyright assignments from PrepMod's individual developers after August 2020, and the U.S. Copyright Office issued a copyright for the software to KTMK on April 23, 2022. (ECF No. 107 at ¶¶ 108-109.) As stated in the Amended Answer with Counterclaims, Kennedy received his assignment from KTMK on April 28, 2022. (*Id.* at ¶ 110.) ("KTMK assigned the PrepMod copyright to Mr. Kennedy on April 28, 2022.") Based on the pleadings, and as an owner of the valid copyright and the exclusive rights under it, Kennedy has standing to bring a claim for copyright infringement. (*Id.*)

Kennedy first pled copyright infringement against MSPP on March 1, 2024. (*See* ECF No. 48.) However, his first time pleading copyright infringement against MPP was on January 23, 2026. (*See* ECF No. 107.) The statute of limitations for copyright claims is "three years after the claim accrues." *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997). And a claim accrues when "one has knowledge of a violation or is chargeable

with such knowledge." *Lyons P'Ship, L.P.*, 243 F.3d at 796 (quoting *Hotaling*, 118 F.3d at 202) (internal quotation marks and citations omitted). Here, Kennedy asserts that he did not discover the infringing activity by MPP "until February 2025, when it received SHI's subpoena responses." (ECF No. 131 at 12.)  Applying the claim accrual principle from *Lyons Partnership, L.P.*,  Kennedy's claims would not time barred. Additionally, the claims against MPP relate back to the date of the initial complaint. Federal Rule of Civil Procedure 15 allows a pleading to relate back to the date of the original pleading where (1) the claim arises out of the conduct, transaction, or occurrence in the original pleading; (2) the party received notice, within the Rule 4(m) service period, of the action such that it will not be prejudiced by defending it; and (3) the party "knew or should have known that the action would have been brought against it, but for a mistake…." Fed R. Civ. P. 15(c)(1)(B)-(C). Here, the claims of copyright infringement arise out of the same conduct as the original counterclaim, the party was on notice when the original counterclaim was brought against MSPP, because Tate owns both MSPP and MPP, and, finally, MPP should have known the action would be brought against them but for a mistake, as it licensed PrepMod to SHI. (ECF No. 107 at ¶¶ 83-84, 111.) However, importantly, Kennedy includes these pertinent allegations in the opposition, *but not in the pleadings*. His discovery of the infringement in February 2025 is absent from the Amended Answer with Counterclaims. As a result, this claim as to MPP must be dismissed without prejudice with ability to amend the pleading either by stipulation or by the filing of a motion for leave to amend.

The Court does not analyze the elements of copyright infringement as to MPP for the reasons stated above. However, as to MSPP, the Court has reviewed the prior amended answer with counterclaim, ECF No. 48, which includes very similar allegations as the current counterclaim. To successfully bring a copyright infringement claim, Kennedy must prove that he

owned a valid copyright, and the Defendants copied those original elements. *Lyons P'ship, L.P.*, 243 F.3d at 801 ("To establish a claim for copyright infringement, a plaintiff must prove that it owned a valid copyright and that the defendant copied the original elements of that copyright."). Here, Kennedy does have a valid copyright infringement claim. He successfully pleads that he is the owner of a valid copyright and alleges that MSPP infringed on the copyright by licensing the PrepMod software to multiple State Departments of Health, other government agencies, and healthcare providers. (ECF No. 107 at ¶¶ 110, 126-133.) Thus, both elements are satisfied.

Accordingly, the copyright infringement claim may proceed as against MSPP only.

### III.    Breach of Contract

To establish breach of contract, Maryland law requires a plaintiff to "allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *Polek v. J.P. Morgan Chase Bank, N.A.*, 36 A.3d 399, 416 (Md. 2012) (quoting *Cont'l Masonry Co. v. Verdel Constr. Co.*, 170 A.2d 220, 222 (Md. 1977)); *See also RRC Northeast, LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 442 (Md. 2010) ("a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant."). Conclusory statements are insufficient to support a breach of contract complaint. *Polek*, 36 A.3d at 409. Furthermore, when considering whether allegations are adequately pled, ambiguities are "construed against the pleader." *See RRC Northeast, LLC*, 994 A.2d at 440. Under Maryland law, the statute of limitations to breach of contract claims is three years. *Patriot Constr., LLC v. VK Electrical Servs., LLC*, 290 A.3d 1108, 1119 (Md. App. Ct. 2023) (citation omitted); *Murphy v. Liberty Mutual Ins. Co.*, 274 A.3d 412, 430 n.37 (Md. 2022). The burden of proving the cause of action accrued prior to the statute of limitations falls on the party raising it as a defense. *Patriot Constr.,*

11

*LLC*, 290 A.3d at 1119 (citing *Newell v. Richards*, 594 A.2d 1152 (1991)).

Here, the breach of contract claim is time-barred. The claim was first filed by Kennedy on March 1, 2024. (ECF No. 48.) Therefore, under Maryland law, any claims of breach prior to March 1, 2021, would be time-barred. *See Patriot Constr., LLC*, 290 A.3d at 1119 ("Contract actions are generally governed by Maryland's three-year statute of limitations."); *Kumar v. Dhanda*, 17 A.3d 744, 747 (Md. Ct. Spec. App. 2011) ("The general statute of limitations for a civil action in Maryland is three years."). The invoices sent from Kennedy to Tate contain no indication of any particular due date for the payments to have been made.[3] (ECF No. 61-3.) With no written contract agreement between Kennedy and Tate, the invoices could be treated as a contract. *Sys. 4, Inc. v. Westfield Prop. Mgmt. LLC*, No. 2755, Sept. Term, 2020, 2020 WL 2511435, at *6 (Md. Ct. Spec. App. May 15, 2020) ("Both parties manifested their assent to the 2016 Contract by performing in accordance with it – System 4, for example, by demanding payment; and Westfield, by making a payment."). The dates of the unpaid invoices are August 3, 2020, and August 17, 2020. (*Id.*) Additionally, an email from Tate to Kennedy on August 21, 2020 indicates that she planned to pay the invoices on September 4, 2020. (ECF No. 106-1) ("I will make a final payment on September 4 (our regular payday) that is reflective of the work through your departure.") The Court has to assume either that payment of the invoices was due on the actual dates of the invoices, or on the September 4th date that Tate asserts in the email. Either way, the resulting accrual date would lead to this claim falling outside of the statute of limitations and being time-barred. "In Maryland, the cause of action accrues when the contract is breached, and when 'the breach was or should have been discovered.'" *Boyd v. Bowen*, 806 A.2d

---

[3] Notably, neither party has pointed the Court to the relevant docket entries or documents integral to the breach of contract claim. Rather, the Court *sua sponte* reviewed the docket and found the relevant entries to get a better understanding on when, if any, the date of accrual began.

314, 333 (Md. Ct. Spec. App. 2002). By asserting in the email that payment would be made on September 4, 2020, Kennedy should have discovered the breach when that payment did not come. While Kennedy argues that the claim began to run on March 1, 2021, there is nothing to support this claim besides his own assertions that it would be a reasonable accrual date for the Court to find. (*See* ECF No. 131 at 12.) Indeed, Kennedy does not dispute that "the invoices themselves have no due date," but avers that "the actual date of MSPP's breach is uncertain." (*Id.*) That is simply not enough to then randomly apply a date of March 1, 2021.

Accordingly, the breach of contract counterclaim is time barred and therefore, dismissed.

## IV.    <u>Statutory Damages & Attorneys' Fees</u>

Counterclaim Defendants lastly argue that the relief sought by Counterclaim Plaintiffs to recover statutory damages and attorney's fees should be denied. (*See* ECF Nos. 125 at 17; 134 at 12.) However, Counterclaim Plaintiffs state that the pre-motion conference letters nor any prior submission included this argument and therefore should be denied. (ECF No. 131 at 8.) Or, in the alternative, such a determination is not appropriate at the pleading stage. (*Id.*) The Amended Answer with Counterclaims seeks "damages pursuant to 17 U.S.C. § 504(b) totaling the profits MSPP received by virtue of its infringement in an amount to be determined at trial but no less than $11,613,242.00, or in the alternative, statutory damages as awarded by this Court pursuant to 17 U.S.C. § 504(c) in an amount up to $150,000 for each infringement; [and] attorneys' fees and costs pursuant to 17 U.S.C. § 505." (ECF No. 107 at 20.)

Counterclaim Defendants correctly point out that the Copyright Act precludes an award of statutory damages or of attorney's fees in some cases. Specifically, the Act states,

> no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412; *See also Pacesetter Homes, Inc. v. GBL Custom Home Design, Inc.*, No. 20-CV-2478 (GLR), 2021 WL 3633960, at *3 (D. Md. Aug. 17, 2021) ("[S]tatutory damages and attorneys' fees are prohibited where a plaintiff does not register its copyright prior to the alleged infringement or within three months of first publication.")

Counterclaim Plaintiffs are correct that this argument was not included in the pre-motion conference and due to that, it should not be considered. (*See* ECF No. 110.) The Court's Individual Practice Rules provide that,

[c]ounsel should note that, in appropriate cases, the pre-motion letter, along with counsel's argument at the pre-motion conference, may be construed, at the discretion of the Court, as the motion itself. Arguments not raised in the pre-motion letters or during the pre-motion conference shall be deemed waived. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (upholding construction of pre-motion letter as motion).

(*See* Rule 3(D)(1).)

However, the Court in its discretion analyzes this final argument. That is because any damages or fees that Counterclaim Plaintiffs seek would are precluded as the Registration occurred on April 23, 2022. (ECF No. 107 at ¶ 109.) As alleged, the infringing conduct began as early as 2020 and thus, the relief sought does not extend to pre-registration infringement. *See LTVN Holdings, LLC v. Odeh*, No. 09-CV-789 (CCB), 2010 WL 2612690, at *3 (D. Md. June 25, 2010) ("Under the Copyright Act, statutory damages and attorney's fees are unavailable because the plaintiffs did not register their copyright prior to the alleged infringement or within three months of the first publication."); *see also Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 330 (4th Cir. 2007) (internal citation and quotations omitted) ("In other words, infringement commences for the purposes of § 412 when the first act in a series of acts constituting

14

continuing infringement occurs. This interpretation makes sense because 'it would be peculiar if not inaccurate to use the word commenced to describe a single act rather than the first in a group of acts.")

Accordingly, Counterclaim Plaintiffs' request for statutory damages and attorneys' fees are stricken from the Amended Answer with Counterclaims.

## CONCLUSION

Counterclaim Defendants' Motion to Dismiss (ECF No. 124) is **GRANTED in part** and **DENIED in part** as set forth above.  The oral argument previously scheduled for May 29, 2026, is hereby cancelled.

Dated:  Central Islip, New York.
           April 22, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge