**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC,

                              *Plaintiff,*

               -against-

SAMUEL KENNEDY, and KENNEDY
TECHNOLOGY MK,

                              *Defendants.*
-----------------------------------------------------------------X

SAMUEL KENNEDY,

                              *Counterclaim Plaintiff,*

               -against-

MULTI-STATE PARTNERSHIP FOR
PREVENTION, LLC and MARYLAND
PARTNERSHIP FOR PREVENTION, INC.

                              *Counterclaim Defendants.*

-----------------------------------------------------------------X

**FILED**
**CLERK**

**4/22/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**


**ORDER**

24-CV-00013 (JMW)


**A P P E A R A N C E S:**

        Jordan Fletcher
        **Fletcher Law, PLLC**
        234 Fifth Avenue, 2nd Floor
        New York, NY 10001
        *Attorney for Plaintiff/Counterclaim Defendants*

        Kathleen Rose Fitzpatrick
        **KRF Legal**
        249 Smith St, #118
        Brooklyn, NY 11231

               -and-

1

Peter Brown
**Peter Brown & Associates PLLC**
260 Madison Avenue, 16th Floor
New York, NY 10016
*Attorneys for Defendants/Counterclaim Plaintiff*

**WICKS,** Magistrate Judge:

> "*As lawyers, judges, court employees and officers of the court, and as attorneys generally, we are all essential participants in the judicial process. That process cannot work effectively to serve the public unless we first treat each other with courtesy, respect and civility.*"[1]

Before the Court is a motion for sanctions filed by counsel for Plaintiff/Counterclaim Defendants, Jordan Fletcher ("Fletcher") against counsel for Defendants/Counterclaim Plaintiff, Kathleen R. Fitzpatrick ("Fitzpatrick"). (ECF No. 133.) Fitzpatrick and her co-counsel, Peter Brown ("Brown") oppose the instant application. (ECF No. 135.)  The basis?  Incivility.

Fletcher and Fitzpatrick have both zealously advocated for their clients throughout the course of this litigation.  However, periodically at loggerheads and engaging in sporadic kerfuffles and disagreements, this has led to unfortunate behavior that falls below what is expected. Fletcher represents that Fitzpatrick has had "an ongoing pattern of disrespectful and unprofessional behavior", which had recently escalated at their latest meet and confer on April 9, 2026. (ECF No. 133 at 1.) At the April 9th meet and confer, the parties had a disagreement on discovery issues, and when Fletcher informed Brown and Fitzpatrick that he would move to compel, Fitzpatrick "performed a mocking mimicry of [his] words." (*Id.* at 2.) As such, Fletcher stated that going forward, he may record their calls to show the Court. (*Id.*) "Fitzpatrick replied, sarcastically: '*Oh, are you going to give me a spanking?*'" (*Id.*) While, Fitzpatrick and Brown do

---

[1] New York Rules of Professional Conduct ("NYRPC"), Appendix A.

2

not deny that the words were indeed uttered, their main arguments are that (i) Fletcher has displayed gender bias towards Fitzpatrick from the outset, and (ii) has used a condescending attitude towards Fitzpatrick. (*See* ECF Nos. 135 at 2; 135-1.)  Although the record supports that neither side is innocent here – or as Shakespeare would say, "A plague o' both your houses"[2] – the circumstances presented here do not rise to the level necessary to support the imposition of sanctions. "Most of us say things in our heads that we wouldn't say out loud. And most of us say things out loud that we wouldn't say in a court filing.  But not everyone is blessed with the same filter or with the same willingness to use the brake pedal." *Porch v. Univ. of Illinois at Chicago, Sch. of Med.*, No. 21-CV-3848, 2023 WL 2429348, at *1 (N.D. Ill. Mar. 9, 2023). Fitzpatrick's acknowledgement that her choice of words were not appropriate (*see* ECF No. 135-1) is noted.

For the reasons set forth below, the motion for sanctions is **denied**. However, the Court outlines the proper etiquette expected by this Court in matters before the undersigned.

<u>**THE LEGAL FRAMEWORK & DISCUSSION**</u>

"The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts."  *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted). Appended to those Rules are the Standards of Civility, which provide guidelines and clear standards on how attorneys should act. *See* NYRPC, Appendix A, Section I.  Rule 8.4 of New York's Rules of Professional Conduct outlines prohibited misconduct.  That is, counsel must refrain from the following,

(d) engage in conduct that is prejudicial to the administration of justice;

***

(g) engage in conduct in the practice of law that the lawyer or law firm knows or

---

[2] William Shakespeare, *Romeo and Juliet*, Act III, Scene I.

3

reasonably should know constitutes:

(1) unlawful discrimination, or

(2) harassment, whether or not unlawful, on the basis of one or more of the following protected categories: race, color, sex, pregnancy, religion, national origin, ethnicity, disability, age, sexual orientation, gender identity, gender expression, marital status, status as a member of the military, or status as a military veteran.

(3) "Harassment" for purposes of this Rule, means physical contact, verbal conduct, and/or nonverbal conduct such as gestures or facial expressions that is:

> a. directed at an individual or specific individuals; and

> b. derogatory or demeaning.

***

(h) engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer.

NYRPC Rule 8.4(d),(g)-(h).

"Cooperation, courtesy, and 'proportional use of procedure' are not merely aspirational goals for lawyers; they are crucial to the efficient functioning of our civil justice system." *Meikle v. Transaction Network Servs., Inc.*, No. 20-CV-953 (JGK)(BCM), 2021 WL 3617336, at *2 (S.D.N.Y. July 22, 2021). "Thus, lawyers should 'strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.'" *Id.* (quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 415 F. Supp. 2d 261, 280 n.100 (S.D.N.Y. 2005)). As Chief Justice Warren E. Burger noted, "lawyers who know how to think but have not learned how to behave are a menace and a liability, not an asset, to the administration of justice." *Leon v. Anderson's Tree Serv., Inc.*, No. 23-CV-9525 (JMA) (JMW), 2025 WL 1348442, at *1 n.1 (E.D.N.Y. May 8, 2025) (quoting Warren E. Burger, Delivery of Justice 175 (1990)).

> [I]ncivility disserves the client because it wastes time and energy: time that is billed at hundreds of dollars an hour, and energy that is better spent working on the client's case than working over the opponent.... It is enough for the ideas and positions of the parties to clash; it is wasteful and self-defeating for the lawyers to do so as well.

4

*Gortat v. Capala Bros., Inc.*, No. 07-CV-3629 (ILG), 2009 WL 10706564, at \*14 (E.D.N.Y. June 3, 2009) (quoting Sandra Day O'Connor, *Professionalism*, 78 Or. L. Rev. 385, 389 (1999)).

"The inherent power of the district court also includes the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom…." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). However, imposing sanctions through the Court's inherent power should not become a common practice. *See Pincus L. Grp., PLLC v. Springer*, No. 23-CV-05528 (SJB) (JMW), 2026 WL 323048, at \*6 (E.D.N.Y. Feb. 6, 2026) (quoting *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) ("[T]he Supreme Court has made clear that courts should impose sanctions pursuant to their inherent authority only in rare circumstances.")); *see also U.S. Commodity Futures Trading Comm'n v. LaMarco*, No. 17-CV-04087 (DG) (JMW), 2025 WL 1726414, at \*2 (E.D.N.Y. June 20, 2025) (discussing that the Court's inherent power should be used with "*restraint and discretion*").

Having carefully reviewed the record, the Court does not find sufficient grounds to impose sanctions at this time.  While the conduct outlined is less than is expected of counsel, caution alone is appropriate under the circumstances. Accordingly, the motion for sanctions is denied. Yet, the parties are collectively cautioned that any further unprofessional or rude behavior, misconduct or incivility towards each other will not be condoned. The parties are forewarned that repetitive behavior or similar conduct may lead to the Court imposing sanctions. *See Samayoa v. iMobile & iMobile USA, LLC*, No. 22-CV-03389 (AYS), 2023 WL 5886656, at \*7 (E.D.N.Y. Sept. 11, 2023) ("While the Court declines to impose any sanction, Solomon is cautioned that incivility among counsel will not be tolerated and that any similar misconduct in the future may indeed warrant the imposition of sanctions.")

5

**CONCLUSION**

The Motion for Sanctions (ECF No. 133) is **DENIED**, and the parties are to conduct themselves in accordance with New York's Standards of Civility.

Dated:  Central Islip, New York.
       April 22, 2026

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

6