FILED
CLERK
9/3/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MULTI-STATE PARTNERSHIP FOR PREVENTION, LLC,

*Plaintiff*,

-against-

SAMUEL KENNEDY and KENNEDY TECHNOLOGY MK,

*Defendants*.
-------------------------------------------------------------X

**ORDER**

24-CV-00013 (JMW)

**A P P E A R A N C E S:**

Kathleen R. Fitzpatrick
**KRF Legal**
249 Smith St, #118
Brooklyn, NY 11231

-and-

Peter Brown
**Peter Brown & Associates PLLC**
260 Madison Avenue, 16th Floor
New York, NY 10016
*Attorneys for Defendants*

*No further appearances*

**WICKS,** Magistrate Judge:

Multi-State Partnership for Prevention, LLC ("Plaintiff") commenced this action against Defendants Samuel Kennedy ("Kennedy") and Kennedy Technology MK, ("KTMK" and collectively, the "Defendants") for *inter alia* invalidity of copyright and non-infringement of copyright claims arising out of Plaintiff's development of computer software program developed in the early stages of the COVID-19 pandemic. (*See generally*, ECF Nos. 22, 106.)

The parties are amid fact discovery, which is set to close on October 2, 2026. (*See* Electronic Order dated 4/11/2026.) However, Counsel for Defendants, Kathleen R. Fitzpatrick of the KRF Legal Firm ("Fitzpatrick"), and Peter Brown of the firm of Peter Brown & Associates PLLC ("Brown" and together with Fitzpatrick, "Counsel"), filed a motion to be relieved as counsel pursuant to Local Civil Rule 1.4, due to irreconcilable conflicts and a breakdown in the attorney-client relationship. (*See* ECF No. 139.) Though afforded an opportunity to oppose this application, neither Plaintiff nor Kennedy has filed opposition. (*See* Electronic Order dated 8/20/2026; ECF No. 140.) For the reasons stated herein, the Motion to Withdraw as counsel for Defendants (ECF No. 139) is **GRANTED**.

## LEGAL FRAMEWORK

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel.

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. … All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought. [1]

Local Civ. R. 1.4(b).

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS)(AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir.

[1] As part of the motion, Counsel submitted a Certificate of Service that this motion to withdraw and supporting documents have been served upon all Defendants through service to Kennedy on August 19, 2026. (*See* ECF No. 139-1.)

1999)). "In determining whether to grant a motion to withdraw as counsel, 'district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Schwartz v. AMF Bowling Ctr., Inc.*, 746 F. Supp. 3d 1, 6 (E.D.N.Y. 2024) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08-CV-6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). New York's Rules of Professional Conduct ("NYRPC")[2] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC Rule 1.16(a)) and optional (*see* NYRPC Rule 1.16(c)). The Rule has recently updated as of July 1, 2026. *See Joint Order of the Departments of the N.Y. State Sup. Ct., Appellate Division*, (June 1, 2026), https://www.nycourts.gov/LegacyPDFS/rules/comments/orders/AdministrativeOrder-JointAppDivOrder-RulesOfProfessionalConduct-Rule1-16-RiskAssessments-060126signedr.pdf The latest amendments to Rule 1.16 mandates attorneys to "make reasonable efforts to inquire into and assess the facts and circumstances of each engagement." NYRPC 1.16(a).

With this framework in mind, the Court addresses the instant application.

**DISCUSSION**

Fitzpatrick and Brown seek to withdraw pursuant to NYRPC 1.16(c)(4), 1.16(c)(7), and 1.16(c)(10), which provide:

> (4) the client insists upon taking action with which the lawyer has a fundamental disagreement;
>
> ***
>
> (7) the client fails to cooperate in or otherwise renders the engagement unreasonably difficult for the lawyer to carry out;

[2] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted); *see also Rapaport v. Finkelman*, No. 24-CV-5942 (JGLC), 2026 WL 2583071, at *5 (S.D.N.Y. Sept. 1, 2026) (internal citations omitted) ("Courts typically 'look to New York Rules of Professional Conduct for guidance on motions to withdraw.'")

***

(10) the client provides informed consent to the lawyer's termination of the engagement. NYRPC 1.16(c)(4), (7), (10).

Having considered the declarations in support of this motion, the circumstances for optional withdrawal have been clearly established, namely, Counsel's inability to resolve conflicts over litigation strategies thereby causing a breakdown in the attorney-client relationship. "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Winters v. Phountain PH Holdings Corp.*, No. 23-CV-01668 (JMA)(JMW), 2024 WL 198381, at *4 (E.D.N.Y. Jan. 18, 2024) (quoting *Casper v. Lew Lieberbaum & Co.*, No. 97-CV-3016 (JGK)(RLE), 1999 WL 335334, at *4 (S.D.N.Y. 1999)). Importantly, "[m]any Courts have held that such a breakdown is sufficient to warrant withdrawal." *Vorburger v. Perfect Moving and Storage LLC, et al.*, No. 25-CV-6387 (DEH), 2026 WL 2283392, at *3 (S.D.N.Y. Aug. 7, 2026); *see id.* (quoting *PWV Consultants LLC v. Chebil Realty LLC*, No. 20-CV-9030 (LTS)(JW), 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022) ("Satisfactory reasons for withdrawal include 'the client's failure to pay legal fees, a client's lack of cooperation — including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client.'")); *see also City Merch. Inc. v. Tian Tian Trading Inc.*, No. 19-CV-09649 (MKV), 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (collecting cases) ("Several courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal."); *Papadatos v. Home Depot U.S.A, Inc.*, No. 21-CV-3208 (WFK)(JMW), 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022) ("When a client makes it unreasonably difficult for an

attorney to effectively carry out representation for the client, that is sufficient grounds to grant a motion to withdraw.")

The lack of opposition from Plaintiff and the Defendants also suggests that withdrawal is the appropriate course here. *Doe v. Holy Bagel Cafe II, Inc.*, No. 15-CV-03620 (MKB)(JMW), 2024 WL 4708707, at *3 (E.D.N.Y. Oct. 17, 2024) ("[C]onsidering the absence of opposition by Defendant Sanchez, withdrawal is appropriate.") Indeed, as set forth in Brown's declaration, Kennedy has consented to this application. (ECF No. 139-2 at ¶ 9.) Such consent is yet another ground that warrants withdrawal. *See Steele*, 2012 WL 6641491, at *3 (granting a motion to withdraw pursuant to Rule 1.16(c)(10)). Therefore, the grounds for withdrawal under Rule 1.16(c) have been satisfied.

Furthermore, pursuant to EDNY Local Civil Rule 1.4(b), an attorney seeking to withdraw as counsel of record must indicate whether a retaining or charging lien is being asserted. Here, Counsel affirmatively represent that they will not be asserting or retaining a charging lien. (*See* ECF Nos. 139-2 at ¶11; 139-3 at ¶ 5.)

As a result of this motion being granted, a stay is appropriate. A thirty-day stay of proceedings will provide sufficient time and opportunity for Defendants to retain substitute counsel, and for new counsel to become familiar with the matter. "Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel." *Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC)(KHP), 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023); *see Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *2 (S.D.N.Y. June 9, 2022) (granting a thirty-day stay of proceedings after granting a motion to withdraw to ensure that plaintiffs have time to retain new counsel or decide to proceed pro se); *Jimenez v. Garvies*

*Point Bagel Corp.*, No. 24-CV-04449 (SJB)(JMW), 2025 WL 3299442, at *3 (E.D.N.Y. Oct. 7, 2025) (same). Notably, Counsel has also requested that a short stay be granted. (*See* ECF Nos. 139-2 at ¶ 15; 139-3 at ¶ 6.)

Therefore, Counsels' motion to withdraw is granted.

## CONCLUSION

The Motion to Withdraw as counsel for Defendants (ECF No. 139) is **GRANTED**. All proceedings in this case are stayed until **October 5, 2026**, so that Defendants are afforded the opportunity to retain substitute counsel.[3] The parties shall appear for an in-person Status Conference in the Central Islip Courthouse, Courtroom 1020, on **October 13, 2026**, **at 11:30 a.m.**, before the undersigned. Outgoing counsel is directed to serve a copy of this Order upon Defendants at their last known addresses and email addresses and file proof of service on ECF **on or before September 4, 2026**.

Dated: Central Islip, New York
September 3, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

[3] Defendant Kennedy Technology MK is on notice that it may not appear pro se and must retain counsel. "A person who is not an attorney may only represent themselves in a pro se action; they may not represent another entity." *Krick v. Raytheon Co.*, No. 23-CV-8093, 2024 WL 4441029, at *5 (E.D.N.Y. Oct. 8, 2024), *appeal denied*, 757 F. Supp. 3d 342 (E.D.N.Y. 2024); *see also La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("Such a failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court pro se.") (citing *Shapiro, Bernstein & Co. v. Contl Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)). Failure to appear with counsel could lead to a recommendation of default. *See Testaccio v. Rahim*, No. 21-CV-1916 (JS)(AYS), 2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021) (this "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se.")